**Fern G. WHITAKER, Plaintiff,**

v.

**Jerry S. DAVIS, Defendant.**

No. 16842-4.

United States District Court
W. D. Missouri, W. D.

Sept. 9, 1968.

Shook, Hardy, Ottman, Mitchell & Bacon, Lane D. Bauer, Kansas City, Mo., for plaintiff.

McKenzie, Williams, Merrick, Beamer & Stubbs, Jack G. Beamer, Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER OVERRULING PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER

ELMO B. HUNTER, District Judge.

*Background*

On August 12, 1966, plaintiff, Fern Whitaker, was a passenger in a car being driven by her husband, Ken Whitaker. The Whitaker car collided with a vehicle owned by defendant, Jerry Davis, which was stopped at the time of the accident. Shortly after the accident a statement was given to the Farmer's Insurance Group by Mr. Whitaker. On February 23, 1968, an action against Mr. Davis was commenced in the Circuit Court of Jackson County, Missouri, by Mrs. Whitaker. Mr. Whitaker was not a party to this action. On March 15, 1968, this suit was removed to this Court. The depositions of Ken Whitaker and Fern Whitaker, the plaintiff, were taken on June 6, 1968, nearly two years after the accident. On June 26, 1968, a subpoena duces tecum was served on the Farmer's Insurance Group summoning them to appear and to bring all "written or recorded statements of witnesses or bystanders relating to said collision * * * which were made at

the time of said accident or within one week thereafter." The plaintiff, Mr. Whitaker and the Farmer's Insurance Group have filed a motion asking for a protective order from this subpoena, contending that there is no showing of good cause sufficient to require disclosure and that the statement is privileged.

*Issues*

The motion, with the supporting and opposing briefs, raises the following issues:

1. If good cause is required under Rule 45(d) F.R.Civ.P., is there such a showing of good cause in this case to require disclosure?

2. Is this statement privileged?

3. Are there policy reasons, other than privilege, for not requiring the disclosure of this statement?

*Discussion of Issues*

Plaintiff contends that the defendant, in using a subpoena duces tecum, has merely adopted a shortcut to obtaining disclosure, rather than using a motion to produce under Rule 34 and therefore the good cause requirement of Rule 34 should be met before there is disclosure. Defendant argues that these are two separate rules and a showing of good cause is not necessary when a subpoena is used to obtain the information. Under Rule 34, a showing of good cause is required by the language of the rule itself before disclosure can be compelled. Rule 45(d) is silent as to any requirement of good cause.

1. Is there good cause shown in this case?

Upon a consideration of all the facts of this case the Court is of the opinion that good cause for the production of this statement is present. Therefore it is not necessary for the Court to discuss the question of necessity of good cause.

The main contention raised by plaintiff, Mr. Whitaker and the Farmer's Insurance Group in opposing defendant's subpoena is that defendant has had the opportunity to take the deposition of both plaintiff and Mr. Whitaker and has exhaustively deposed both of them. Therefore, plaintiff argues, defendant has had the opportunity to obtain any information contained in the statement sought and cannot show good cause why he should be entitled to the production of the statement. Plaintiff contends that the only reason defendant could want the statement would be for impeachment purposes and that this is not a valid reason for production. Defendant argues that although he was able to depose Mr. Whitaker, that many of the answers given by Mr. Whitaker to questions in this deposition were evasive or incomplete and that defendant needs this statement to prepare his case.

The cases, in attempting to define what is meant by good cause, have taken a variety of positions. Most cases agree that if the witness or information is presently available to the discoverer there is not a showing of good cause. Judge Whittaker in Helverson v. J. J. Newberry Co., 16 F.R.D. 330, 333 (W.D.Mo.1954), said "good cause * * * is not shown where it appears that the witnesses are still available and can be reached without difficulty." The same view was expressed in Goldner v. Chicago & N. W. Ry. System, 13 F.R.D. 326, 329 (E.D.Ill.1952), where the Court held that "production should not be allowed where the witnesses may be found, and where the witnesses offer the desired information." See also the cases cited in James, Civil Procedure, Sec. 6.10 n. 15.

On the question of whether or not the possibility of impeachment constitutes a showing of good cause the Court of Appeals in Hauger v. Chicago, Rock Island & Pacific Ry. Co., 216 F.2d 501, 508 (7th Cir. 1954) held that "a court is not justified in ordering a litigant to permit his adversary to inspect witness statements, which he has procured in preparing for trial, upon the adversary's mere surmise or suspicion that he might find

impeaching material in the statements." General agreement with this position is expressed in Martin v. Capital Transit Co., 83 U.S.App.D.C. 239, 170 F.2d 811 (1948) and James, Civil Procedure, Sec. 6.10.

The law appears to be clear that a showing of good cause sufficient to compel production is not made if the witness is available to the discoverer or if there is merely the suspicion of the presence of impeaching material. However, the length of time elapsing between the taking of the statement and the taking of the deposition and the allegation of evasiveness by the defendant raises additional problems. Many courts, including this one, have held that the elapse of time between the incident and the taking of the deposition gives a unique value to a statement taken shortly after the incident. In Hannah v. United States, No. 1861 W.D.Mo.S.W. Div. (1965) this Court found good cause existed and quoted the following language with approval: "Even in simple accident cases requiring no technical knowledge to prepare for trial, the fact that a long period of time has elapsed between the accident and the taking of the deposition of a witness gives a certain unique value to a statement given by him immediately after the accident when the whole thing was fresh * * *." In Brown v. New York, New Haven & Hartford Ry. Co., 17 F.R.D. 324, 325 (S.D.N.Y.1955), the court held that good cause had been shown saying that "where the statements sought are ones taken at or about the time of the accident complained, the statements are unique in that they constitute the immediate impression of the facts. * * * In this instance, there can be no duplication by a deposition that relies upon memory, and an allegation of these facts, uncontroverted, is a sufficient showing of good cause."

An examination of Mr. Whitaker's deposition shows that although he may not have been evasive in his answers, there are areas concerning the accident about which he is confused and there are places in which he states that he could not remember certain facts or incidents. From a consideration of the length of time transpiring between the statement and the deposition and the confusion and lack of completeness in the deposition, the Court concludes that a sufficient showing of good cause is present in this case.

2. Is this statement privileged?

Plaintiff argues that this statement is privileged on two grounds, first, that it is work product and second, that it was taken in a confidential relationship. Although Mr. Whitaker's statement was taken by an attorney, this attorney was employed by the Farmer's Insurance Group and plaintiff concedes that there was no attorney-client relationship between Mr. Whitaker and the lawyer who took the statement. As far as it appears from the file this statement contained merely the typical information gathered by insurance companies in the investigation of claims and did not contain any mental impressions or processes of the attorney taking the statement. This statement was taken almost two years before any litigation was filed and when suit was finally filed, Mrs. Whitaker was the plaintiff. The plaintiff does not cite any cases in which this type of statement was held to be work product. To the contrary most federal cases have held that this type of statement is not work product. In Reiss v. British General Ins. Co., 9 F.R.D. 610 (S.D.N.Y.1949) the court, in considering a statement taken by an attorney during the investigation of a claim, said:

It is reasonable to assume that at least some of Berger's services were not those rendered or expected to be performed by an attorney, but rather work ordinarily done by an insurance adjuster and investigator. Such acts are not protected by privilege and are not embraced in an attorney-client relationship; nor, can they be said to be

the "work product" of an attorney or part of his preparation for defense of the action. This is particularly so when they are done before legal action is commenced, threatened or contemplated.

For additional authorities supporting this position see: Colorado Milling & Elevator Co. v. American Cyanamid Co., 10 F.R.D. 611 (W.D.Mo.1950) and the discussion and cases cited in 2A Barron & Holtzoff, Federal Practice and Procedure, Sec. 652.2 n. 14.

Plaintiff contends that since the jurisdiction in this case is based upon diversity of citizenship any privilege or confidential relationship should be protected as it would be under state law. In State ex rel. Terminal R. Ass'n of St. Louis v. Flynn, 363 Mo. 1065, 257 S.W. 2d 69, 73 (1953) the Missouri Supreme Court held that photographs taken by an employee of the defendant were taken in the anticipation of litigation and therefore were work product and not discoverable. The court used very broad language and extended the holding in the case to include other evidence gathered by agents and employees, saying:

> The rule of privilege extends to documents prepared by an agent or employee by direction of the employer for the purpose of obtaining the advice of the attorney or for use in prospective or pending litigation, whether such document is transmitted to the attorney by the client or by the agent or employee. The document is deemed to rest on the same reason as a communication of the client to his counsel, and is privileged.

The Missouri Supreme Court, in this case, elevated the work product rule to the status of a privilege. It is clear from an examination of the Flynn case that the basis of this so-called "privilege" is work product. The Missouri doctrine, as expressed in the Flynn case, if taken literally would be unduly restrictive and is not in the spirit of the broad application of the discovery procedures as exercised in the Federal Courts. The Missouri privilege is not as limited in what it protects from discovery as is the federal doctrine, concerning work product, set out in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). To apply the rule of the Flynn case in federal civil cases would seriously impair the federal judicial functions in pretrial discovery. Accordingly, this Court is of the opinion that the Flynn rule should not be adopted and will follow the general rule of the federal cases, which holds that this type of statement is not work product and is discoverable.

As for the contention that this statement was taken in a confidential relationship, plaintiff does not cite any Missouri cases holding that the relationship between an insured and his insurance company is a privileged one and independent research does not reveal any such case. The mere allegation that such a confidential relationship exists is not sufficient to convince the Court that this statement should be protected from discovery.

It seems clear from the factual setting of the taking of this statement that it is not work product and that it is not protected by any privilege recognized in the federal courts.

3. Are there other reasons for not requiring the disclosure of this statement?

Plaintiff argues that to require disclosure in this case would be unfair to the plaintiff and to the Farmer's Insurance Group and in the future, would cause a conflict between an insured and his insurance company. The insurance company would want to take such a statement in order to help it in processing the claim but the insured would be reluctant to give such a statement for fear that it might later be used against him. However, against this must be balanced the consideration that the outcome of a lawsuit should be determined on its merits and that a broad liberal policy toward discovery is an effective way to ac-

complish this purpose. True this statement may be damaging to plaintiff in this lawsuit and even to Mr. Whitaker if he later decides to bring a suit. However this Court is concerned with discovering all the evidence that bears on the issues of this case so that it may be decided upon all the available evidence, rather than merely a part of it.

*Conclusion*

Plaintiff's motion for a protective order is denied, and this statement is to be provided to the defendant in accordance with defendant's original subpoena duces tecum. Good cause is present in this case in that (1) there has been a considerable time lag in the occurrence of the accident and the giving of Mr. Whitaker's statement and the filing of this suit and the deposition of Mr. Whitaker and (2) there is some confusion and incompleteness in the deposition given by Mr. Whitaker. This statement is not protected by any recognized legal privilege or confidential relationship and a consideration of the policy issues involved leads to the conclusion that liberal discovery should be allowed in this case.

It is so ordered.