Mrs. Hardy HORNE, Plaintiff-Appellant,

v.

ARMSTRONG PRODUCTS CORPORA-
TION, Defendant-Appellee,

and

Sears, Roebuck and Company, Co-
Defendant-Appellee.

No. 27949
Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Sept. 30, 1969.

Burt & Burt, Donald D. Rentz, H. P. Burt, Albany, Ga. (Lead Counsel), for appellant.

Jesse W. Walters, Perry, Walters, Langstaff, Lippitt & Campbell, Divine & Busbee, Albany, Ga., for appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

Pursuant to Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804.

John Roger Horne, nineteen, died of asphyxiation while sleeping in a closed room, heated by a gas fired space heater manufactured by Armstrong Products Corporation and sold by Sears, Roebuck and Company. The undisputed cause of death was carbon monoxide emitted by the heater.

The ensuing wrongful death action was brought on two theories. Count I of the complaint was grounded in negligence while Count II was for breach of implied warranty of fitness and safety for the uses for which the heater was designed. A 12(b) 6 motion for dismissal was granted as to Count II. There was a jury verdict for the defendants on Count I. The dismissal of Count II presents the sole issue on this appeal. We affirm.

Section 109A–2–318 of the Georgia Uniform Commercial Code, effective January 1, 1964, contains broad products liability protection:

"A seller's warranty whether express or implied extends to any natural

**1330**

person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section."

■ Important obstacles foreclose appellant's claim of protection under this statute. First, there is no contention that the article was purchased and the warranty given after the effective date of the Code. Second, the appellant does not appear to be the purchaser of the heater, a person in the family or household of the purchaser, or a guest in the home of the purchaser. The deceased is referred to in the appellant's brief as "a tenant or lessee of the purchaser".

Prior to the enactment of the Uniform Commercial Code in Georgia manufacturers of personal property impliedly warranted that the article was "merchantable and reasonably suited to the use intended", Georgia Code Ann., § 96–307. Although negligence was not required under the statute, privity of contract was required. See Wood v. Hub Motor Company, 110 Ga.App. 101, 137 S.E.2d 674, 679, 681 (Ga., 1964). That element is lacking.

■ Moreover, if privity had existed, or if the case were covered by § 109A–2–314, the Georgia courts hold that one can recover for an injury under the Uniform Commercial Code or prior law, but cannot recover for wrongful death. In Lovett v. Emory University, 116 Ga.App. 277, 156 S.E.2d 923, 925 (1967), the court held that Georgia's Wrongful Death Statute, Georgia Code Ann., § 105–1301 (authorizing recovery where death results "from a crime or from criminal or other negligence") did not comprehend an action for breach of implied warranty except with respect to certain enumerated articles "intended for human consumption or use, where either knowledge of the defect or negligence by the seller is an essential element".

This being the law of Georgia, this Court, in this diversity action, is left with no alternative but to affirm the judgment of the District Court.

Affirmed.