**Gaines LASHLEY and Gaines Lashley as next friend of his seven minor children, Plaintiffs-Appellants,**

v.

**FORD MOTOR COMPANY et al., Defendants-Appellees.**

**No. 72-3724.**

United States Court of Appeals, Fifth Circuit.

May 30, 1973.

Rehearing Denied June 22, 1973.

G. Gerald Kunes, G. G. Joseph Kunes, Jr., Seymour Owens, Tifton, Ga., for plaintiffs-appellants.

F. Thomas Young, Cam U. Young, Valdosta, Ga., for Ford Motor.

Glenn Whitley, Tifton, Ga., for Richardson Ford Co.

Before GOLDBERG, AINSWORTH and DYER, Circuit Judges.

PER CURIAM:

This is a Georgia diversity suit for wrongful death brought by the husband and seven minor children of the deceased against the defendant Ford Motor Company and one of its dealers Richardson Ford Motor Company.

The matter is a products liability case involving a Ford automobile sold by Richardson Ford to Gaines Lashley. His wife Margaret Lashley was driving the car alone when it was involved in an accident, not observed by any eyewitness, which resulted in her death. She was found in a field near the road on which she had been traveling. In the same field was the vehicle. However, the right rear tire, wheel, braking assembly, back-

ing plate and portion of the axle which was broken were found in the road. At the close of the evidence the district court directed a verdict in favor of Richardson Ford but submitted the case to the jury for consideration as against Ford Motor Company. The jury could not agree on a verdict and was discharged, after which the court granted Ford Motor Company's motion for a directed verdict.

■ In a detailed and well-reasoned opinion the trial court, 359 F.Supp. 363, correctly held in each instance that a directed verdict was proper. Plaintiffs' suit was predicated upon allegations of negligence in design and manufacture of the vehicle and on implied warranty of merchantability. The trial judge was correct in his ruling that in Georgia one cannot recover for wrongful death on a theory of breach of implied warranty, either under the Uniform Commercial Code or prior law. See Horne v. Armstrong Products Corporation, 5 Cir., 1969, 416 F.2d 1329.

■ As to plaintiffs' allegations that defendant Ford Motor Company was guilty of negligence in design and manufacture, we agree with the district judge that there was no evidence of negligence introduced by plaintiffs sufficient to sustain their burden of proof in this regard. The testimony was unsubstantiated as to what defect, if any, caused the fracture of the axle of the involved vehicle The expert's opinion that "the overall processing of this axle was improper," without evidence as to why or in what respect it was improper, is not sufficient, under the circumstances, to warrant acceptance. The court did not rely only on its finding that the design of the rear end was that used by all other passenger car manufacturers, but more on the absence of proof against defendants of any negligence or defect.

In Whitaker v. Harvell-Kilgore Corporation, 5 Cir., 1969, 418 F.2d 1010, 1017–1018, we held that Georgia is not

a strict liability state. See also Stovall & Company v. Tate, 124 Ga.App. 605, 614, 184 S.E.2d 834, 840 (1971); Poppell v. Waters, 126 Ga.App. 385, 190 S.E. 2d 815, 817 (1972). Thus the burden was on plaintiffs to prove negligence on the part of the defendants which proximately caused the accident.

Under the circumstances, therefore, and because plaintiffs failed to prove their case or offer sufficient evidence to warrant submission to the jury, the directed verdicts against them were proper.

Affirmed.