**Julia A. MILES, Individually and as Administratrix of the Estate of Charles Clifford Miles, Deceased,**

v.

**BELL HELICOPTER CO., a Division of Textron, Inc., a Delaware Corporation, et al.**

**Civ. A. No. C74–459A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Dec. 16, 1974.

Westmoreland, Hall, McGee & Warner, Atlanta, Ga., for plaintiff.

Edward E. Dorsey & Stuart E. Eizenstat, Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., for defendants.

## ORDER

EDENFIELD, Chief Judge.

The plaintiff's husband, a member of the United States Marine Corps, was killed in a helicopter crash. The plaintiff individually and on behalf of her husband's estate filed this action against the manufacturers of the helicopter. The complaint is in six counts. Counts I, II, and III seek damages for wrongful death and Counts IV, V and VI seek damages for pain and suffering. The defendants have filed a motion to dismiss Counts II, III, V and VI. The plaintiff has filed a motion to compel production of documents. This order will dispose of those motions.

By letter the plaintiff has requested oral argument on the defendants' partial motion to dismiss. Local Rule 91.3 provides: "All motions shall be decided by the Court without oral hearing unless otherwise ordered by the Court." The issues presented by this motion are purely legal in nature and are adequately discussed in the parties' briefs. The court does not perceive this motion to be of such exceptional difficulty as to require any variance from the regular procedures of the court.

In Count II the plaintiff asserts a wrongful death action sounding in tort and based on breach of express or implied warrants of merchantability. There is no allegation of negligence on the part of the defendants. Georgia law creates an action for wrongful death only if "the death of a human being

results from a crime or from criminal or other negligence." Ga.Code Ann. § 105–1301 (1968). An unbroken line of state and federal cases has held that under Georgia law no wrongful death action arises from any breach of warranties absent negligence or criminal conduct. Lovett v. Emory University, Inc., 116 Ga.App. 277, 156 S.E.2d 923 (1967); Horne v. Armstrong Products Corp., 416 F.2d 1329 (5th Cir. 1969); Lashley v. Ford Motor Co., 359 F.Supp. 363 (M.D.Ga.1972), aff'd, 480 F.2d 158 (5th Cir. 1973); Birdwell v. Bell Helicopter Co., No. 13640 (N.D.Ga. Aug. 28, 1970).

■ The plaintiff attempts to avoid the holding of these cases by arguing that it is probable that the Georgia Supreme Court would have reversed the case of Chaffin v. Atlanta Coca-Cola Bottling Co., 127 Ga.App. 619, 194 S.E. 2d 513 (1972), if the appeal of that case had not been dismissed by consent. That case, however, did not involve a wrongful death action, and even if it had been reversed *in toto* that reversal would not have affected the validity of the line of cases descending from *Lovett, supra.* With the exception of the above argument the plaintiff's brief on this issue consists only of an attempt to fashion an independent policy argument that this court should create such a right of action. This federal court can hear this case only by virtue of its diversity jurisdiction and has no authority to declare such an alteration in the established law of the State of Georgia. Erie R. R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The defendants' motion to dismiss Count II for failure to state a claim must be granted.

■ In Count V of the complaint the plaintiff asserts a survival action for pain and suffering based in an alleged breach of express or implied warranties of merchantability. The court will assume for the purposes of argument that the defendants did in fact warrant the merchantability of its product (the helicopter) to the ultimate purchaser (the federal government). If this is the case plaintiff's decedent is at best a third-party beneficiary of that contract. Under the Georgia version of the Uniform Commercial Code the seller's warranty extends to a third-party beneficiary of a contract only if he is a "natural person who is in the family or household of [the] buyer or who is a guest in his house." Ga.Code Ann. § 109A–2–318 (1973). Although the Georgia courts have recently reaffirmed the requirement of "vertical" privity, Chaffin v. Atlanta Coca-Cola Bottling Co., 127 Ga.App. 619, 194 S.E.2d 513 (1972), they have been afforded only a very limited opportunity to interpret the effect of § 109A–2–318 on "horizontal" privity. *See, generally,* McNally v. Nicholson Mfg. Co., 313 A.2d 913, 14 UCC Rep. 381 (Me.1973). However, the Fifth Circuit has specifically held that a member of the armed forces injured by a product purchased by the federal government does not fall within the ambit of § 109A–2–318. Whitaker v. Harvell–Kilgore Corp., 418 F.2d 1010 (5th Cir. 1969), and this court is bound by that decision. Once it is determined that the plaintiff is not the beneficiary of any warranties, express or implied, it is clear that the defendants' motion to dismiss Count V must be granted.[1] Stovall & Co. v. Tate, 124 Ga.App. 605, 614, 184 S.E.2d 834, 840 (1971).

---

1. The plaintiff attempts to escape this result by relying on Georgia Code Ann. § 105–106, which provides: "No privity is necessary to support an action for a tort; but if the tort results from the violation of a duty, itself the consequence of a contract, the right of action is confined to the parties and privies to that contract, except in cases where the party would have had a right of action for the injury done, independently of the contract, and except as provided in Code section 109A–2–318. However, the manufacturer of any personal property sold as new property, either directly or through a dealer or any other person, shall be liable in tort, irrespective of privity, to any natural person who may use, consume or reasonably be affected by the property and who suffers injury to his person or property because the property when sold by the manufacturer was not merchantable and

■ In Count III and VI of the complaint the plaintiff seeks to recover from the defendants on a theory of strict liability in tort for defective design, manufacture, assembly, inspection and testing. As the defendants quite properly point out, the Georgia cases do not accept the strict liability theory of recovery in products liability cases. Lashley v. Ford Motor Co., *supra;* Whitaker v. Harvell-Kilgore Corp., *supra,* 418 F.2d at 1017–1018; Poppell v. Waters, 126 Ga.App. 385, 190 S.E.2d 815 (1972); Stovall & Co. v. Tate, *supra.* The defendants' Rule 12(b)(6) motion to dismiss Counts III and VI must be GRANTED.

■ Finally, the plaintiff has filed a motion to compel production of three accident reports prepared by employees of the defendants. The helicopter accident occurred on July 18, 1973. The three reports are dated July 19, 22, and 27, 1973. The defendants concede that the reports are relevant to the subject matter of this litigation, but assert that they fall under the work-product exception to the discovery rules. Rule 26(b)(3). Federal Rules of Civil Procedure. The plaintiff denies that the reports are protected by the exception found in Rule 26(b)(3), but contends that, even if they are included in that exception, the plaintiff has "substantial need of the" reports and "is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Rule 26(b)(3). The court finds that the plaintiff has not made the showing required for production of these reports if they were "prepared in anticipation of litigation or for trial". In particular the plaintiff has made no showing that she cannot obtain the substantial equivalent of these reports by taking the

depositions of the employees who prepared the reports. 8 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2025, at n. 72 (1970).

The issue then is easily stated: If the reports were "prepared in anticipation of litigation or for trial" by the defendants or their representatives or agents, then the motion to compel should be denied. Otherwise, it being conceded that the reports are relevant, the motion should be granted.

■ There seems to be little dispute on the facts. The reports in question were prepared immediately after the crash by employees of the defendants and consist largely of "detailed, expert findings" on the crash and the helicopter. It appears that the defendants routinely have such reports prepared when injuries are sustained in the crash of one of the helicopters they manufactured. The plaintiff contends that the reports therefore were prepared in the ordinary course of business. The defendants note that helicopter crashes routinely give rise to litigation and assert that the frequency with which these reports are prepared is only an indicia of the likelihood of litigation arising from such crashes. This leads the defendants to the conclusion that each report is prepared in anticipation of the litigation which will inevitably follow.

Professor Wright has clearly stated the normal test:

> "Prudent parties anticipate litigation, and begin preparation prior to the time suit is formally commenced. Thus the test should be whether, in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litiga-

---

reasonably suited to the injury sustained; a manufacturer may not exclude or limit the operation hereof." The plaintiff urges that the last sentence of that section allows a tort action for breach of warranty despite lack of privity. This may well be the case. However, Count V contains no allegation of negligence whatsoever, and it has been held that

"the element of negligence was not disposed of by this statute [§ 105–106], and it still is a requirement in tort suits." Whitaker v. Harvell-Kilgore Corp., *supra,* 418 F.2d at 1018. Thus Count V does not allege a cause of action under Georgia Code Ann. § 105–106 (1968).

tion. But the converse is that even though litigation is already in prospect, there is no work product immunity for documents prepared in the regular course of business rather than for purposes of the litigation." 8 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2024, at 198–199 (1970).

This test, however, is of limited use where, as here, the defendant asserts that preparation for litigation *is* its regular course of business. As Judge Will has ably pointed out, if the law were as the defendant interprets it, "i. e., that after a claim has arisen, litigation may be deemed a contingency and any document prepared after such a claim has arisen is prepared in anticipation of litigation as concerns Rule 26(b)(3) irrespective of whether an attorney in the role of counsellor has been consulted, hardly any document authored by or for an agent of an insurance company could ever be discoverable without the showing of substantial need and · undue hardship required by subsection (b)(3) of Rule 26." Thomas Organ Co. v. Jadranska Slobodna Plovidba, 54 F.R.D. 367, 373 (N.D.Ill.1972). Rather than accept that result this court will adopt the following test:

"[T]he probability that some particular litigation will occur must be substantial before a document may be deemed to be 'in anticipation of litigation.' . . . Therefore the mere fact that a particular action or a particular patent has a likelihood of bringing about litigation at some time in the future is not a sufficient showing. The probability must be substantial and the commencement of litigation must be imminent. Phrased another way, some particular litigation must be contemplated at the time the document is prepared." Duplan Corp. v. Deering Milliken, Inc., 61 F.R.D. 127, 130 (D.S.C.1973) (citations omitted).

In this case the reports in question were prepared by the defendants, not in response to a particular claim advanced by any individual, but merely on the contingency that litigation might well arise from the helicopter crash. The court does not regard such a report as work product within the meaning of Rule 26(b)(3) [2] and will, accordingly, grant the plaintiff's motion to compel.

In summary:

The defendants' motion to dismiss Counts II, III, V and VI of the complaint is granted.

The plaintiff's motion to compel production of documents is granted.

---

2. In a supplemental brief filed after this order had been drafted the defendant contends that this result is precluded by the holding of Southern Ry. v. Lanham, 403 F.2d 119, 131–133 (5th Cir. 1968). The court must disagree. *Lanham* was decided before the discovery rules were completely restructured in 1970. The report in *Lanham* was similar in character to the reports involved in this motion. However, due to the different analysis required under the former discovery rules, the question presented the court in *Lanham* was whether "those portions of the investigation reports that reflect the mental impressions and personal evaluations of appellant's claim agents" were work product under the rule of Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), and therefore were protected from discovery. In the instant case the defendants have declined to produce the *entire* reports rather than certain portions of them. Under Rule 26 in its current form the court can consider whether to "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party" in a document only after it has determined that the document was (1) "prepared in anticipation of litigation" and (2) that the party seeking production has established that they have "substantial need" of the document. In this case the court has expressly declined to make either of those findings and thus never reaches the question of whether or not portions of these reports fall under the mental impressions exception to Rule 26(b)(3).