**Kenneth FONTAINE, Plaintiff,**

v.

**SUNFLOWER BEEF CARRIER, INC., Defendant.**

**No. 79–1160C(2).**

United States District Court, E. D. Missouri, E. D.

June 10, 1980.

Elmer C. Oberhellmann, St. Louis, Mo., for plaintiff.

Joseph H. Mueller, Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, St. Louis, Mo., for defendant.

## MEMORANDUM

NANGLE, District Judge.

This case is now before the Court on defendant's motion to quash notices of depositions and defendant's objections to plaintiff's request to produce. Plaintiff brought this suit pursuant to 28 U.S.C. § 1332 to recover for injuries resulting from an automobile accident, allegedly caused by the negligence of defendant's driver. The accident in controversy occurred on September 10, 1979; the instant suit was filed September 20, 1979.

The instant dispute arises due to plaintiff's efforts to obtain statements made by defendant's driver to defendant's safety director, insurer, and investigator. These statements were made by the driver, who is not a party to this suit, on the date of the accident or shortly thereafter. Plaintiff discovered the existence of these statements during the course of the driver's deposition on December 3, 1979, and shortly thereafter requested production of copies of the statements. In an alternative attempt to obtain the statements, plaintiff gave notice of his desire to depose the records custodians of the insurer and investigator. The instant motions arise due to defendant's objection to the production of the statements.

■ Defendant claims that the statements are non-discoverable pursuant to the work-product rule, Rule 26(b)(3), Federal Rules of Civil Procedure. Defendant makes no claim that the materials fall within the attorney-client privilege. The attorney-client privilege is separate and distinct from the protection afforded by the work-product rule. *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947); *Daniels v.*

*Hadley Memorial Hospital*, 68 F.R.D. 583 (D.D.C.1975); *Halford v. Yandell*, 558 S.W.2d 400 (Mo.App.1977). As defendant makes no claim that the materials in question are privileged, except to the extent that the work-product rule might be considered a privilege, any such claim is waived, *Perry v. Golub*, 74 F.R.D. 360 (N.D. Ga.1976); *United States v. 58.16 Acres of Land, Etc., Clinton Cty., Ill.*, 66 F.R.D. 570 (E.D.Ill.1975); Rules 34(b) and 37(d), Federal Rules of Civil Procedure, and will not be considered by this Court. But, see *State ex rel. Cain v. Barker*, 540 S.W.2d 50 (Mo. banc 1976); Rule 501, Federal Rules of Evidence.

■ In order to prevail on its claim that the statements in question are not protected by the work-product rule, plaintiff must show that the materials were 1) not prepared in anticipation of litigation or for trial, or 2) a substantial need exists for the materials in question, in conjunction with plaintiff's inability to obtain the substantial equivalent of the materials by other means. Rule 26(b)(3), Federal Rules of Civil Procedure.[1] The discovery provisions of the Federal Rules of Civil Procedure were substantially amended in 1970, and the language that the materials have been "prepared in anticipation of litigation or for trial" was first added at that time. See, *Advisory Committee's Note*, 48 F.R.D. 487, 499–503. Confusion has reigned since that time as to what exactly is meant by that phrase.

It has generally been accepted that materials prepared in the ordinary course of business do not fall within the work-product rule. *Thomas Organ Co. v. Jadranska Slobodna Plovidba*, 54 F.R.D. 367 (N.D.Ill. 1972); *Miles v. Bell Helicopter*, 385 F.Supp. 1029 (N.D.Ga.1974); *Hercules, Inc. v. Exxon Corp.*, 434 F.Supp. 136, 150–151 (D.Del. 1977); *McDougall v. Dunn*, 468 F.2d 468 (4th Cir. 1972); *Home Ins. Co. v. Ballenger Corp.*, 74 F.R.D. 93 (N.D.Ga.1972). There is little agreement beyond this, however.

---

1. Though this is a diversity case, the scope of the work-product doctrine is governed by Federal law, as a matter of procedure. *Whitaker v. Davis*, 45 F.R.D. 270 (W.D.Mo.1968); *Parrett v. Ford Motor Co.*, 47 F.R.D. 22 (W.D.Mo. 1968).

On one end of the spectrum is the rule enunciated in *Thomas Organ Co.*, supra, which involved an attempt to obtain production of reports made on behalf of plaintiff's insurer shortly after an accident. In that case, the court concluded, at 372, that:

. . . *any* report or statement made by or to a party's agent (other than an attorney acting in the role of counsellor), which has not been requested by nor prepared for an attorney nor which otherwise reflects the employment of an attorney's legal expertise must be conclusively presumed to have been made in the ordinary course of business and thus not within the purview of the limited privilege of new Rule 26(b)(3) and (b)(4).

This same rule was adopted in *McDougall*, supra.

At the other end of the spectrum is *Almaguer v. Chicago, Rock Island & Pacific Railroad Co.*, 55 F.R.D. 147 (D.Neb.1972). In that case, it was stated that statements taken by a claims agent following an accident were to be considered to have been taken "in anticipation of litigation".

. . . The anticipation of the filing of a claim against a railroad, when a railroad employee has been injured or claims to have been injured on the job, is undeniable, and the expectation of litigation in such circumstances is a reasonable assumption. Id. at 149.

Some courts · state that the mere likelihood of litigation in the future is not sufficient to afford protection; rather, the probability of litigation must be substantial and the commencement of that litigation imminent. *Miles*, supra; *Home Ins. Co.*, supra. In *Miles*, a report prepared after a helicopter crash was said to have been prepared merely on the contingency that litigation might well arise, and therefore not protected by the work-product rule. In *Hercules, Inc.*, supra at 151, however, the court stated "The fact that litigation may still be a contingency at the time the document is prepared has not been held to render the privilege inapplicable, if the prospect of litigation is identifiable because of specific claims that have already arisen."

It is apparent that no cohesive theory can be distilled from these disparate rulings. This Court must conclude that the last quoted statement from *Hercules, Inc.* represents the soundest view. That principle best accommodates the competing considerations involved, and most closely follows the language of the Rule. As stated in *Almaguer*, supra, the anticipation of the filing of a claim is undeniable once an accident has occurred and a person injured or property damaged. This is especially true in today's litigious society. Documents prepared at that time, therefore, are clearly prepared "in anticipation of litigation" and "by or for another . . . party's representative".

It must be conceded that in the context of an insurance investigation of an accident, the analysis hereby adopted will almost always result in a finding that the documents were prepared in anticipation of litigation. *Almaguer*, supra. It is difficult to perceive which factors might lead one to conclude that a particular insurance investigation of an accident is in anticipation of litigation, while another such investigation is not. Cf. *Spaulding v. Denton*, 68 F.R.D. 342 (D.Del. 1975), which advocates an individualized approach to each case. The courts in *Miles* and *Thomas Organ Co.* expressed particular concern about this factor. This Court must conclude that the general principle announced in *Hercules, Inc.* is preferable, however, to an approach which twists the language of the Rule so as to not bestow upon insurance companies an allegedly undeserved benefit.

The Rule specifically states that the protection is afforded to documents prepared by or for a party's attorney, consultant, surety, indemnitor, insurer, or agent. The principle announced in *Thomas Organ Co.*, supra, unnecessarily limits that protection to documents prepared by or for the party's attorney. Similarly, the Rule affords protection to documents prepared "in anticipation" of litigation. The principle of *Miles*, supra, unnecessarily requires a particular litigation to be specifically contemplated.

Under the facts of this case, the documents in question clearly appear to have been prepared in anticipation of litigation. Though no suit had been filed at the time the statements were taken, litigation was clearly identifiable due to the specific claims which had arisen in connection with the accident. Though no suit had been filed, it was apparent who the plaintiff would likely be, and what the claims would likely concern. That does not end the inquiry, however, since plaintiff is still entitled to production upon a showing of substantial need and undue hardship in obtaining the equivalent of the materials sought.

The unique value of contemporaneous statements had repeatedly been recognized. *Whitaker v. Davis*, 45 F.R.D. 270 (W.D.Mo.1968); *Advisory Committee's Note*, supra at 501; *McDougall*, supra. Such statements have been referred to as a "unique catalysts in the search for truth". *Southern Railway Company v. Lanham*, 403 F.2d 119, 128, reh. den. 408 F.2d 348 (5th Cir. 1968); *McDougall*, supra at 474. It is equally settled, however, that mere speculation or hope that the requested statement may prove to be contradictory or impeaching is not sufficient to overcome the limited privilege applicable to trial preparation materials. *Stephens Produce Co., Inc. v. N. L. R. B.*, 515 F.2d 1373, 1377 (8th Cir. 1975); *Hauger v. Chicago, Rock Island & Pacific R. R.*, 216 F.2d 501, 508 (7th Cir. 1954).

In balancing these conflicting considerations, this Court concludes that it is necessary for plaintiff to show more than the mere contemporaneousness of the requested statements. The rule specifically states that work product materials are discoverable only upon a showing that the party requesting production is unable without undue hardship to obtain the substantial equivalent of the requested materials. A mere allegation that the statements are contemporaneous does not satisfy this requirement.

This Court believes that the requesting party must make some showing that efforts to obtain similar materials have proved futile. To rule otherwise would allow that party to rely unfairly on his opponent's preparation and investigation, and would run counter to the principle announced in the *Advisory Committee's Note*, supra at 501:

. . . The requirement of a special showing for discovery of trial preparation materials reflects the view that each side's informal evaluation of its case should be protected, that each side should be encouraged to prepare independently, and that one side should not automatically have the benefit of the detailed preparatory work of the other side.

Plaintiff has made no such showing in this case. In fact, it appears that plaintiff's efforts in this regard have not proved futile. Plaintiff has obtained the police report of the accident, which contains the driver's statement at the scene. This statement is even more contemporaneous than those plaintiff now seeks. This report must be considered the "substantial equivalent" of those plaintiff now seeks. Under these circumstances, abrogation of the work-product privilege is not warranted. Defendant's motions will not therefore be granted.