**Marie PASTERIS and Stanley Pasteris, Plaintiffs,**

**v.**

**Gary ROBILLARD and Sharon Robillard, Defendants.**

**Civ. A. No. 87–2840–H.**

United States District Court, D. Massachusetts.

July 20, 1988.

Paul A. Epstein, Law Offices of Robert T. Karns, Quincy, Mass., for plaintiffs.

Richard R. Eurich, Mary M. Perry, Morrison, Mahoney & Miller, Boston, Mass., for defendants.

**ORDER ON PLAINTIFFS' MOTION TO COMPEL**

JOYCE L. ALEXANDER, United States Magistrate.

On or about January 15, 1988, Marie Pasteris, plaintiff in the above-captioned

action, served on Gary and Sharon Robillard, defendants, her Request for Production of Documents seeking production of copies of statements taken by defendants or on defendants' behalf from witnesses to the alleged incident about which this litigation concerns. On February 8, 1988, the Robillards filed their response to the request for documents but objected to producing a transcribed statement made by Gary Robillard. On April 29, 1988, plaintiffs served upon defendants their motion, pursuant to Federal Rule of Civil Procedure 37(a)(2), for an order compelling the defendants to produce all the documents sought by Marie Pasteris' request. On May 11, 1988, defendants filed their opposition to plaintiffs' Motion to Compel. On June 7, 1988, Marie Pasteris filed a memorandum supporting plaintiffs' motion to compel. On June 13, 1988, the defendants filed their Memorandum in opposition as well as a motion to strike Marie Pasteris' memorandum pursuant to Local Rule 17(a). A hearing on the matter was held on June 22, 1988, and these matters were taken under advisement.

## I. Background

The facts giving rise to the present discovery dispute are as follows. On June 2, 1986, Marie Pasteris allegedly fell down a flight of stairs at the Robillard's home. Sometime in July of 1986, Marie Pasteris informed defendants' insurance company of her alleged fall and made a demand for payment under the defendant's insurance policy. On August 4, 1986, Mrs. Pasteris

and Gary Robillard made statements to defendants' insurance company. On August 11, 1986, the insurance company sent a Medical Payments Receipt and Release for one thousand dollars ($1,000) to Marie Pasteris.[1]

Plaintiffs represent that they first contacted their attorney on October 29, 1986.[2] Counsel was not officially retained by plaintiffs until November 4, 1986.[3] On November 13, 1986, a letter was sent by plaintiffs' counsel to defendants' insurance company to initiate a claim concerning Marie Pasteris' fall.[4] On October 6, 1987, plaintiffs' counsel received a letter from defendants' counsel, which was written on behalf of the defendants' insurance company.[5] On January 15, 1988, the plaintiffs filed a complaint against the Robillards alleging negligence on the part of the Robillards with respect to Marie Pasteris' alleged fall.

## II. Discussion

### A. Local Rule

Defendants move to strike plaintiff Marie Pasteris' memorandum in support of plaintiffs' motion to compel production of documents. Defendants assert that the plaintiffs failed to comply with Local Rule 17(a)(3) and failed to obtain leave of Court as required by Local Rule 17(a)(4).[6] The Court finds that plaintiffs are not in compliance with the local rule. In that the Court finds no prejudice occasioned by the allowance of Marie Pasteris' memorandum in support, defendants' Motion to Strike is denied.

1. Defendants' counsel emphasized at the June 22nd hearing that the release sent to Marie Pasteris did not address the issue of liability and, hence, would not have forclosed plaintiffs' rights to litigate their claim under defendants' policy.

2. This representation was made on June 22, 1988 in open court.

3. *See* n. 2.

4. *Defendants' Memorandum In Opposition*, 5.

5. Plaintiff Marie Pasteris' *Memorandum in Support of Motion to Compel*, 2.

6. Local Rule 17(a) states in relevant part:

(3) ... [M]otions related to discovery shall be filed without briefs ... [B]riefs shall be filed only if the motion is opposed. Any opposition shall be filed within ten (10) days after service of the motion. *In the event of opposition, the moving party's brief shall be filed within ten (10) days after service of the opposition, and the opposing party's brief shall be filed within ten (10) days after service of the moving party's brief.* All other filings shall be made only in accordance with subsection (a)(4). (Emphasis added).
(4) Additional papers. All other papers not filed as indicated in subsection[ ] ... (3), *whether in the form of a reply brief or otherwise, may be submitted only with leave of the court.* (Emphasis added).

## B. *Motion to Compel*

Defendants object to Request No. 3 of plaintiffs' Request for Production of Documents.[7] While defendants indicate that they are willing to produce the statement made by Marie Pasteris to defendants' insurance company, defendants object to the production of the transcribed statement of Gary Robillard which was made to defendants' insurer on August 4, 1986.

Defendants object to providing Mr. Robillard's August 4th statement on the grounds that it seeks information which is protected by both the attorney-client and work-product privileges. In support of their work-product theory, defendants advance that the withheld statement is not discoverable since it was prepared in anticipation of litigation. Defendants further assert that plaintiffs have not demonstrated the requisite substantial need and undue hardship necessary to obtain discovery of work-product materials. In support of their attorney-client theory, defendants maintain that the statement given by Mr. Robillard to defendants' insurer was confidential and should not be ordered produced. In response, plaintiffs contend that the information sought is not entitled to work-product protection.[8] Plaintiffs add that they can demonstrate substantial need and undue hardship required to obtain discovery of Mr. Robillard's statement even if it is found to be work-product.

### i. *Work–Product*

Federal Rule of Civil Procedure 26(b)(3) controls the work-product question.[9] This Court recognizes that under Fed.R.Civ.P. 26(b)(3) there exists a conjunctive three-prong test to determine whether matter is to be characterized as work-product.

"The material in question must: 1) be a document or tangible thing, 2) which was prepared in anticipation of litigation, and 3) was prepared by or for a party, or by or for its representative." *Fairbanks v. American Can Co., Inc.*, 110 F.R.D. 685, 687 n. 1 (D.Mass.1986) quoting from *Compagnie Francaise D'Assurance v. Phillips Petroleum Co.*, 105 F.R.D. 16, 41 (S.D.N.Y.1984). The burden is upon the party resisting discovery to demonstrate that the matter being sought is indeed work product as defined by Fed.R.Civ.P. 26(b)(3). *Fairbanks, supra* at 687 citing *Kleinerman v. United States Postal Service*, 100 F.R.D. 66, 70 (D.Mass.1983).

This Court subscribes to the case-by-case approach in determining whether reports or statements made to or by a party's insurer after an accident are made in "anticipation of litigation." *See Sham v. Hyannis Heritage House Hotel, Inc.*, 118 F.R.D. 24, 26 (D.Mass.1987). *See also Basinger v. Glacier Carriers, Inc.*, 107 F.R.D. 771, 773–74 (M.D.Pa.1985). Guided by these principles, this Court will first determine whether the defendants have met their burden by demonstrating that the withheld statement was made in anticipation of litigation.[10]

■ Defendants argue that, since Mr. Robillard's August 4th statement was tak-

---

**7.** Request No. 3 seeks:
Copies of any and all statements taken by or on behalf of the Defendant from witnesses to the alleged accident.

**8.** Plaintiffs' brief does not address defendants' claim that Mr. Robillard's statement is protected by the attorney-client privilege.

**9.** Rule 26(b)(3) of the Federal Rules of Civil Procedure provides in pertinent part:
(3) *Trial Preparation: Materials.* Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

**10.** This Court's analysis begins with the second prong of the *Compagnie* test since there is no dispute, and this Court so finds, that the first and third prongs of the test have been met.

en by the defendants' insurance company subsequent to the company being notified of Marie Pasteris' claim for payment, the material withheld was prepared in anticipation of litigation and, thus, all other criteria being met, constitutes non-discoverable work-product. The Court is not at all convinced that Mr. Robillard's August 4th statement falls within the ambit of subsection (b)(3) of Rule 26. The statement of Mr. Robillard was obtained by the insurance company three months prior to plaintiffs securing counsel, more than one year prior to defense counsel's correspondence with plaintiffs' counsel, and almost a year and a half prior to the commencement of suit. Therefore, the facts suggest that the statement of Mr. Robillard to his insurer was made prior to any litigation likely being on the horizon.

It is of no significance that the insurance company received notice of Mrs. Pasteris' demand for payment prior to Mr. Robillard's statement. Certainly, Mrs. Pasteris could have settled her liability claim with the insurance company and no litigation would have ensued. The plain fact is that defendants offer no facts which dispute the reasonable inference that Mr. Robillard's statement was nothing more than a routine statement secured by an insurance company in the regular course of its business of investigating insurance claims. Clearly, the fact that an allegedly injured person files a claim with an insureds' insurer does not, of itself, make litigation likely, reasonably probable, or a contingency. "It is a fact of common knowledge that an overwhelming majority of claims asserted by parties generally are amicably resolved and that only a very small portion of them rise to the level of disputes, let alone to the level of lawsuits." *Thomas Organ Co. v. Jadranska Slobodna Plovidba*, 54 F.R.D. 367, 374 (N.D.Ill.1972).

The circumstances of this controversy lead the Court to conclude that litigation could not have been reasonably anticipated until after plaintiff's counsel sent the November 13, 1986 letter to defendants' insurance company. Thus, this Court finds that

the August 4th statement by Mr. Robillard to his insurance company was done in the ordinary course of business and is not shielded by Fed.R.Civ.P. 26(b)(3). *See Fairbanks, supra* at 688.

As we have found the statement in question not to be work-product, the Court does not reach the issue of whether plaintiffs can demonstrate substantial need or undue hardship needed to acquire discovery of work-product material.

### ii. Attorney–Client Privilege

■ Defendants claim further that the attorney-client privilege protects Mr. Robillard's statement from discovery. The attorney-client privilege protects certain communications between client and attorney. *Commonwealth v. O'Brien*, 377 Mass. 772, 388 N.E.2d 658 (1979). The privilege applies only if the person to whom the communication was made is a member of the bar of a court, or his subordinate, and in connection with this communication is acting as a lawyer. *United States v. United Shoe Machinery Corporation*, 89 F.Supp. 357, 358 (D.Mass.1950). Absent this element, the privilege cannot be invoked. *United States v. Wilson*, 798 F.2d 509, 512–13 (1st Cir.1986). Defendants do not contend that Mr. Robillard's statement was made to an attorney. Therefore, the statement, to merit protection, must have been given to a subordinate of an attorney who was acting as a lawyer when the statement was made.

■ Defendants state that Mr. Robillard's insurance policy requires his insurance company to defend him. Further, defendants aver that the insurance policy, running from defendants to the insurance company, requires that the insured cooperate with his insurer. Defendants conclude that the statement was given by Mr. Robillard to his insurer to assist the insurer, and the attorney *it would* retain to defend Mr. Robillard.[11] Notwithstanding the insurance company's obligation to defend and Mr. Robillard's duty to cooperate, defendants do not advance facts showing that the person to whom the communication was

---

**11.** *Defendants' Memorandum in Opposition,* 9.

made—presumably, i.e., an employee of the insurance company—was actually a *subordinate* of an attorney or that the individual taking the statement on behalf of the insurance company was *acting as an attorney.* Thus, defendants cannot invoke the attorney-client privilege.

Finally, defendants request that this Court rule "in accordance with the weight of authority" and extend the attorney-client privilege to protect against disclosure of statements made by an insured to his insurer.[12] Finding no basis for such a ruling, this Court declines defendants' request.[13]

SO ORDERED.

---

**12.** *Defendants' Memorandum in Opposition to Plaintiffs' Motion to Compel,* 7.

**13.** Defendants cite Annotation, *Privilege of Communication or reports between liability or indemnity insurer and insured,* 22 A.L.R.2d 659, 600 (1952).

The above annotation, however, was superseded by Annotation, *Insured–Insurer Communications As Privileged,* 55 A.L.R.4th 336.

The superseding annotation makes clear that there is no 'insured-insurer privilege'. However, Courts do recognize a broad and a narrow view when applying the attorney-client privilege to insurance relationships. This Court finds no cases in Massachusetts which support a finding of attorney-client privilege under the facts presented.