Toomey, J.
INTRODUCTION
This motion arises out of a personal injury action in which Kim Meszar (“Meszar”) alleges that she was injured in a motor vehicle accident as a result of alleged negligence on the part of the defendant Cynthia Horan (“Horan”). Horan is insured by Commerce Insurance Company (“Commerce”). Meszar has filed a deposition notice seeking evidence from Raymond Mattress (“Mattress”), one of Commerce’s claim adjusters. The deposition notice requires that Mattress produce several documents. Horan moves this Court pursuant to Mass.R.Civ.P. 26(c) for a protective order that will prohibit or circumscribe the deposition testimony of Mattress. For the reasons discussed below, Commerce’s motion is denied.
BACKGROUND
On February 21, 1998, Meszar sustained injuries as a result of an automobile accident allegedly caused by Horan’s negligence. In April 1999, Meszar filed suit against Horan who is insured by Commerce. Horan’s attorney did not appear in this action until June 14, 1999, approximately sixteen months after the accident. On July 26, 1999, Meszar served a deposition notice on Mattress requesting that he produce four categories of documents;
1. Any and all photographs of the vehicles involved in the February 21, 1998, automobile accident involving Meszar and Horan.
2. Any and all statements or reports by or on behalf of Cynthia Horan and/or Kim Meszar related to the February 21, 1998, auto accident.
3. Any and all documents related to any surcharge or any appeal to the Division of Insurance Board of Appeal relating to the February 21, 1998, accident.
4. Any and all documents related to the automobile accident between Meszar and Horan which occurred on February 21, 1998.
On August 2, 1999, Commerce petitioned this Court for a protective order prohibiting or circumscribing the deposition testimony of Mattress. Commerce agreed to produce the photographs requested in the first category insofar as such photographs exist. Commerce claims that the second and third categories request documents that do not exist.
The crux of the matter before this Court involves the fourth category of documents that Meszar’s deposition notice requested. Commerce objects to the production of the documents identified in this fourth category, arguing that the documents in the fourth category comprise Commerce’s file that Commerce compiled in the course of defending against Meszar’s claim. Commerce contends that, once an insured reports a personal injury claim to his insurer for a defense, the file materials accumulated by the insurer are obtained in anticipation of litigation and thus are privileged as work product. Meszar responds that the category four documents are not protected by the work *683 product doctrine because the compilation of these documents occurred in the ordinary course of Commerce’s business.
DISCUSSION
The work product doctrine is codified at Mass.R.Civ.P. 26(b)(3), which provides:
Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or for that other party’s representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.
The burden is upon the party resisting discovery to demonstrate that the materials sought are indeed work product within the scope of Rule 26(b)(3). Colonial Gas Co. v. Aetna Cas. & Sur. Co, 144 F.R.D. 600, 605 (D.Mass. 1992); Sham v. Hyannis House Hotel, Inc., 118 F.R.D. 24, 25 (D.Mass. 1987); Fairbanks v. American Can Co, Inc., 110 F.R.D. 685, 687 (D.Mass. 1986).
The question that this Court must resolve is whether the work product doctrine applies to investigative documents compiled by an insurance company in advance of the commencement of suit and in response to an insured’s report of an automobile accident in which a third party alleges that he was injured. Resolution of this difficult issue hinges upon the determination of whether the insurance company created such investigative documents in the ordinary course of its business or, rather, in anticipation of litigation. This Court will hold that the documents at issue in this case were prepared in the ordinary course of the insurer’s business and, therefore, fall outside the purview of the Rule 26(b)(3) work product doctrine.
The Massachusetts Appeals Court and the Massachusetts Supreme Judicial Court have never addressed, in a published opinion, the issue presented at bar.[1] In that vacuum, this Court will follow the course of Rollins Environmental Services, Inc. v. Superior Court, 368 Mass. 174, 179-80 (1975) (holding that, where a particular Massachusetts Rule of Civil Procedure substantially mirrors its Federal counterpart, the construction given to the Federal Rule by the federal courts will guide a Massachusetts court’s application of the Massachusetts rule, absent compelling reasons to the contrary or significant differences in content). This Court, therefore, will look to the federal courts’ interpretation of Federal Rule Civ. P. 26 as an aid to its resolution of the instant issue.
The federal courts have differed in their approach to determining whether insurance companies’ claims files constitute work product. Consequently, the federal courts have adopted three separate and distinct methods of determining whether investigative files compiled by an insurance company constitute documents compiled in the ordinary course of its business or, on the other hand, documents prepared in anticipation of litigation. The most restrictive of the three approaches denies protection to insurance reports that are not prepared under the guidance of an attorney. Thomas Organ Co. v. Jadranska Slobodna Plovidba, 54 F.R.D. 367 (N.D.Ill. 1972). This restrictive approach presumes that any report or statement made by or to a party’s insurer — other than a report or statement to an attorney acting in the role of counsel or one which has been requested by or prepared by an attorney employing legal expertise — has been prepared in the ordinary course of business and does not fall within the scope of the work product doctrine. Id.
A second approach, more liberal in its interpretation of Fed.R.Civ.P. 26(b)(3) than the proposition that prevailed in Thomas Organ Co., supra, has taken the view that any documents prepared by an insurance investigator immediately following an accident are documents made in anticipation of litigation and thus fall within the purview of the work product doctrine. Fontaine v. Sunflower Beef Carrier, Inc. 87 F.R.D. 89 (E.D. Mo. 1980); Almaguer v. Chicago, Rock Island & Pacific R.R., 55 F.R.D. 147 (D.Neb. 1972). Between the two extremes is a third view which employs a case-by-case approach to determine whether documents prepared by an insurance investigator comprise documents made in anticipation of litigation. Sham v. Hyannis Heritage House Hotel, Inc. 118 F.R.D. 24 (D.Mass. 1987); Pasteris v. Robillard, 121 F.R.D. 18, (D.Mass. 1988). The Federal First Circuit adheres to this third approach. Sham, 118 F.R.D. 24; Pasteris, 121 F.R.D. 18. This Court will employ the approach applied by its federal neighbor in determining whether the documents here at issue fall within the scope of Mass.R.Civ.P. 26(b)(3).
The mere possibility that a certain event might lead to future litigation does not render privileged all documents prepared subsequent to that event. City of Worcester v. HCA Management Co., Inc., 839 F.Supp. 86, 88 (D.Mass. 1993); In re Atlantic Financial Management Securities, Ltd., 121 F.R.D. 141, 144 (D.Mass. 1988). The determinative question is whether the prospect of litigation was the primary motivating pur *684 pose behind the creation of a particular document. City of Worcester, supra at 88.
We begin with the recognition that rule 26(b)(3) does not protect materials compiled in the ordinary course of business, pursuant to regulatory requirements or for other nonlitigation purposes. Fairbanks v. American Can Co., Inc., 110 F.R.D. 685, 687 (D.Mass. 1992). Moreover, the fact that documents produced in the ordinary course of business for the purpose of gathering and beneficially using information, might ultimately be useful to a party in case of future litigation does not cloak those documents with the protection of Rule 26(b)(3). Shotwell v. Winthrop Community Hosp., 26 Mass.App.Ct. 1014, 1016 (1988). The controlling test is whether, in light of the nature of the document and the factual context of the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation. Colonial Gas Co. v. Aetna Cas. & Sur. Co., 144 F.R.D. 600, 605 (D.Mass. 1992).
With those analytical principles in mind, this Court now turns to a consideration of the documents in dispute at bar. Meszar seeks to discover “any and all documents related to the automobile accident between herself and Horan.” The automobile accident occurred on February 21, 1998. Meszar did not file suit against Horan until April 1999, more than a year after the accident occurred. Horan’s attorney did not file an answer until June 14, 1999, approximately sixteen months after the accident and two months after Meszar’s claim for personal injury. A review of analogous decisions suggests that the documents sought to be discovered at bar were not created with a view towards litigation.
Where a hotel patron drowned in a hotel swimming pool, the hotel’s conclusory assertions — to wit, its insurer’s investigatory notes and report were motivated by a need to “obtain facts for use at a possible later trial” and that “the facts of the drowning accident, at the very outset, compelled a conclusion that the probability of litigation was substantial” — were insufficient to demonstrate that the documents were work product under Federal Rule 26(b)(3). Sham v. Hyannis Heritage House Hotel, Inc., supra at 26. Thus, because the hotel failed to meet its burden of proof, the documents were discoverable as having been made in the ordinary course of business. Id. Similarly, an insured’s statement to his insurer, made by the insured after the insurer received notice of an injured third party’s demand for payment, was not protected from discovery as work product because the insurer obtained the statement three months before the injured third party secured counsel, more than one year before the insured’s counsel corresponded with the injured third party’s attorney, and nearly one and one-half years before commencement of the action. Pasteris v. Robillard, 121 F.R.D. 18, 21 (D.Mass. 1988).
The case at bar tracks both Sham and Pasteris. As in Sham, the instant insurer, Commerce, sets forth only conclusory assertions that its primary motivation in producing the documents that Meszar seeks to discover was in anticipation of litigation. Commerce has not presented any evidence, such as affidavits, suggesting that it prepared the documents at the request of Horan’s counsel or that the expected recipient of the documents at the time they were prepared was Horan’s counsel. Furthermore, Commerce compiled the documents that Meszar seeks to discover long before Meszar filed suit against Horan. The circumstances involved in the insurance investigator’s compilation of documents at bar mirror, in pertinent respects, the circumstances involved in the insurance investigator’s obtaining the insured’s statement in Pasteris in that a substantial time period elapsed between Commerce’s compilation of the documents that Meszar seeks to discover and the day on which Meszar filed suit.
CONCLUSION
This Court will join with the Federal First Circuit Courts by employing the case-by-case approach for determining whether documents, produced by insurance investigators, in response to a claim are properly characterized as documents prepared in “anticipation of litigation” or, conversely, as documents prepared “in the ordinary course of business.” As illustrated above, the test is fact driven. An Insurance company resisting discovery, must, therefore, establish a factual basis upon which it can demonstrate that it did not prepare certain documents in the ordinary course of business. Such a demonstration might be accomplished by segregating documents, contained in its claims files, into trial preparation materials and nontrial preparation materials. See M. Elizabeth Medaglia, Donald L. Uttrich, Gina S. Love, Privilege, Work Product, and Discovery Issues in Bad Faith Litigation, 32 TORT & INS. L.J. 1, 19 (1996). Other practices might also be conceived by insurers. No such factual basis is, however, presented at bar and, accordingly, the shield of Mass.R.Civ.P. 26(b)(3) is not available to avoid the instant deposition notice.
ORDER
For the foregoing reasons, it is hereby ORDERED that Horan’s motion for a protective order be DENIED.

 The paucity of published decisions of the Massachusetts Appeals Court and the Massachusetts Supreme Judicial Court on this subject most likely results from the inability of the aggrieved party to file an interlocutory appeal in response to the Superior Court's decision on a discovery issue. A party may appeal a Superior Court Justice’s decision on discovery issues only after entry of final judgment in the case. Solimene v. B. Grauel & Co., K.G., 399 Mass. 790, 799, 507 N.E.2d 662, 668 (1987); see also Resendes v. Boston Edison Co., 38 Mass.App.Ct. 344, 350, 648 N.E.2d 757, 762 (1995); Adoption of Paula, 420 Mass. 716, 734, 651 N.E.2d 1222, 1234 (1995).