Marcos Y. KLEINERMAN, Plaintiff,

v.

UNITED STATES POSTAL SERVICE, Edward J. Hynes, Robert L. Ely, James H. French, Charles D. Hawley, William F. Bolger, Joseph Y. Peng, Ross R. Snider, Walter T. Marable, Jr., Billy N. Hollis, Martin Marietta Corp., and Martin E. Sorte, Defendants.

Civ. A. No. 82–0039–F.

United States District Court, D. Massachusetts.

Dec. 7, 1983.

Evan Slavitt, Asst. U.S. Atty., Boston, Mass., for defendants.

Walter H. Mayo, III, Andrew M. Higgins, Chaplin, Casner & Edwards, Boston, Mass., for Martin Marietta Corp.

## MEMORANDUM AND ORDER

FREEDMAN, District Judge.

In 1978 and 1979, the defendant United States Postal Service ("USPS") solicited bids on a research and development contract for improving postage stamp tagging. Several companies, including Aleph Corpo-

**68**

ration, owned by the plaintiff, and defendant Martin Marietta Corporation ("MMC"), submitted proposals. USPS eventually awarded the contract to MMC. In this action,[1] plaintiff alleges that USPS, MMC and the other defendants, most of them USPS employees, deprived plaintiff of his property and due process rights guaranteed him by the Fifth Amendment to the United States Constitution. Essentially, plaintiff claims that USPS, having decided to award the contract to MMC, continued to negotiate with plaintiff and thereby obtained from him proprietary information, including certain tagging compounds, which USPS then gave to MMC, who conducted research on them.

Plaintiff filed this action on February 3, 1982. On July 6, 1982, the federal defendants filed a motion to dismiss and requested leave to file a supporting memorandum of law. Defendants, however, have never filed a supporting memorandum. On July 16, 1982, plaintiff filed a broadly-worded request for production of documents. On July 26 and August 20, plaintiff filed interrogatories addressed to defendants Peng, MMC, Hynes, Hawley, Snider, and Marable. On August 30, 1982, defendants moved for a protective order. This is the motion now before the Court. Finally, on September 13, 1982, plaintiff moved for an order compelling the production of documents. This motion, unlike the July 16 request, specifies the documents plaintiff seeks.

This Court referred defendants' motion for a protective order to Magistrate Alexander, who recommended that the motion be granted as to all non-jurisdictional discovery on the grounds that defendants' dispositive motion to dismiss challenges this Court's jurisdiction. The Magistrate recommended that discovery on the jurisdictional issues be allowed. For the reasons that follow, this Court rejects the Magistrate's recommendation in its entirety and denies defendants' motion.

In support of their motion for a protective order, defendants make several arguments which fall into two groups. One group pertains to both the interrogatories and the request for document production; the second group relates only to the requested documents.

■ Defendants first contend that the Court should stay all discovery in this case pending the disposition of defendants' motion to dismiss. Indeed, it is on this ground that the Magistrate recommended that I grant defendants' motion, reasoning that since the defendants have challenged this Court's jurisdiction, it is appropriate to stay discovery until that crucial issue is resolved. This Court agrees with the principle that it is appropriate to defer discovery until preliminary questions that may dispose of the case are determined. *See Scroggins v. Air Cargo, Inc.,* 534 F.2d 1124 (5th Cir.1976); *Sperberg v. Firestone Tire & Rubber Co.,* 61 F.R.D. 70 (N.D.Ohio 1973). However, this principle cannot apply to the case at bar for the simple reason that defendants have completely failed to support their jurisdictional attack. It has been well over a year since defendants have filed their motion to dismiss, yet no supporting memorandum has been forthcoming. *Cf. Struthers Scientific & International Corp. v. General Foods Corp.,* 290 F.Supp. 122, 125 (S.D.Tex.1968) (court denied defendant's motion to stay discovery pending motion to dismiss "where case gives every indication of developing into unduly protracted litigation . . . ."). If mere bald assertions of jurisdictional infirmity controlled when a defendant was subject to discovery orders, much of the discovery in federal courts would come to a grinding halt without the necessary assurances that the delay was truly warranted. Defendants' unsupported allegations of lack of jurisdiction, therefore, cannot serve as a basis for granting defendants' protective order.

■ Defendants' second argument in favor of suspending all discovery is that it would save judicial resources to stay discovery in this case pending the outcome of

1. Plaintiff also has pending before this Court a Freedom of Information Act ("FOIA") suit against some of these defendants arising out of the same facts.

defendants' summary judgment motion in plaintiff's FOIA case because plaintiff seeks the same information in both cases. This Court notes that if plaintiff had not brought an FOIA suit, defendants would not have been able to make this argument. It would indeed be anomalous if this Court permitted the defendants to use FOIA, a disclosure statute, as a shield to avoid discovery in a separate civil suit. *Cf. Verrazzano Trading Corp. v. United States,* 349 F.Supp. 1401 (Cust.Ct.1972) (government cannot claim an FOIA exemption in civil discovery). Furthermore, defendants' judicial economy argument cuts both ways. If plaintiff is indeed seeking substantially the same information in both suits, then resolution of the discovery issues in this case may well obviate the need for plaintiff to pursue his FOIA suit. -

Since defendants' FOIA argument is without merit, and since I reject the Magistrate's recommendation to stay discovery pending resolution of defendants' motion to dismiss, it follows that defendants Peng, Hynes, Hawley, Snider and Marable[2] must respond to plaintiff's interrogatories.

■ Defendants make several objections to plaintiff's July 16, 1982 request for production of documents. First, defendants contend that plaintiff's request is overbroad. I note that this defect, if it in fact be one, no longer exists in light of plaintiff's specific motion of September 13, 1982 to compel production.

Defendants' second argument is that F.R. Civ.P. 26(c)(7) protects the documents from discovery because they contain trade secrets and confidential research and commercial information. It seems clear that some of the documents listed in plaintiff's September 13, 1982 motion to compel cannot possibly contain trade secrets or confidential information. Items (2)–(4) are not protected since they relate to how USPS and MMC handled *plaintiff's* proprietary information.

As for the contract progress reports and letter reports in item (1)(a), defendant MMC itself has admitted that these contain no trade secrets. This admission, however, does not affect defendants' claim that MMC's technical reports contain confidential commercial information valuable to USPS. Thus, in connection with defendants' 26(c)(7) claim, the Court must consider only the commercial aspect of MMC's technical reports, the MMC technical proposals,[3] the correspondence related to the contract and all performance evaluation reports on MMC's work.

■ I start with the general principle that "[t]rade secrets and other confidential commercial information enjoy no privilege from disclosure although courts may choose to protect such information." *United States v. International Business Machines Corp.,* 67 F.R.D. 40, 42 n. 1 (S.D.N.Y.1975). *Accord* 4 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 26.75, at 26–543 (2d ed. 1983). Although a defendant may have a legitimate interest in protecting its trade secrets, "that interest must yield to the right of the plaintiff to discover the full truth of the facts involved in the issues of the case ... [where] the issues cannot be fairly adjudicated unless this information is available." *Melori Shoe Corp. v. Pierce & Stevens, Inc.,* 14 F.R.D. 346, 347 (D.Mass. 1953). What is essentially involved is a balancing between the plaintiff's need for disclosure and the defendants' need for protection. 4 J. Moore, *supra,* ¶ 26.75, at 26–540.

■ I have concluded that plaintiff should be able to discover MMC's technical reports, MMC's technical proposals, the correspondence between MMC and USPS on the contract and the evaluation reports of MMC's work. These documents seem very likely to reveal what technical information MMC had when it bid on the contract and what data it ended up working with during

---

**2.** The record reveals that defendant MMC has already answered plaintiff's interrogatories.

**3.** Defendants object "on the grounds of relevance" to plaintiff's request for the cost and technical proposals of the four other firms who bid on the contract. Since plaintiff's motion to compel does not include these documents, I need not consider this objection.

contract performance. These issues are central to plaintiff's theory that USPS and MMC misappropriated and used plaintiff's proprietary materials. The defendants have not persuaded me that their need to keep these documents confidential outweighs plaintiff's need for the information they contain.

Defendants' executive privilege argument is irrelevant since plaintiff himself admits that his motion to compel does not include the documents defendants say this privilege protects. Thus, defendants at this time need not produce the documents numbered 13–22, 47–48, 54–55, and 58 in the Hawley Affidavit.

Defendants next argue that some of the documents plaintiff has requested are attorney work product and, since plaintiff has not made the showing required by F.R.Civ.P. 26(b)(3), he cannot discover them. I note that it is the defendants who have the initial burden of proof on this issue. "It is axiomatic that in order to invoke the protection of the work product privilege, one must show that the materials sought to be protected were prepared 'in anticipation of litigation . . . .' F.R.Civ.P. 26(b)(3)." *Binks Manufacturing Co. v. National Presto Industries, Inc.,* 709 F.2d 1109, 1118 (7th Cir.1983). *Accord Status Time Corp. v. Sharp Electronics Corp.,* 95 F.R.D. 27, 29 (S.D.N.Y.1982). The defendants have made no showing at all that the requested documents were prepared in anticipation of litigation. Rather, the defendants base their argument on a few conclusory statements. Defendants' work-product argument is, therefore, without merit.

Defendants' final contention is that plaintiff should not be allowed to discover documents already in his possession. Since plaintiff by his own admission is not seeking production of documents he already has, this argument is irrelevant.

To summarize, defendants' arguments in opposition to plaintiff's motion to compel production of documents and in favor of staying all discovery wither under the heat of analysis. Defendants' motion for a protective order is, accordingly, DENIED, and plaintiff's motion to compel production of documents is, accordingly, GRANTED.

It is So Ordered.