**Christopher FAIRBANKS, Plaintiff,**

v.

**AMERICAN CAN COMPANY, INC., Defendant.**

**Civ. A. No. 83–4098–T.**

United States District Court, D. Massachusetts.

July 2, 1986.

---

686

Kathleen W. Meaney, Boston, Mass., for plaintiff, Christopher Fairbanks.

Paul M. McTagre, Martin, Magnuson, McCarthy & Kenney, Boston, Mass., for defendant, American Can Company, Inc.

## ORDER ON MOTION TO COMPEL DISCOVERY

JOYCE LONDON ALEXANDER, United States Magistrate.

Christopher Fairbanks was injured at work on September 24, 1981. U.S. Fidelity & Guaranty Co. (U.S.F. & G.) was the worker's compensation carrier which paid Christopher Fairbanks' weekly worker's compensation benefits. He received payments from September 25, 1981 to December 20, 1982. He also received a lump sum settlement, medical payments and expenses for investigations and attorney's fees. U.S.F. & G. now brings this suit as the

Christopher Fairbanks' representative and subrogee.

Defendant, American Can Co., Inc., moves to compel the production of documents which are in the possession of U.S.F. & G. U.S.F. & G. opposes the motion, asserting that said documents are privileged and are properly withheld because U.S.F. & G. is Christopher Fairbanks' representative and subrogee in this action.

Federal Rule of Civil Procedure 26(b) succinctly states that:

> "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party.... It is not ground for objection that the information sought will be inadmissable at the trial if the information sought appears reasonably calculated to lead to the discovery of admissable evidence."

It is well established that the Rules of Civil Procedure contemplate broad and liberal discovery. Nevertheless, the Court notes that doctrines such as the attorney-client privilege, work product, and others place limitations on broad wholesale discovery.

■ As stated in *Hickman v. Taylor*, 329 U.S. 495, 510–511, 67 S.Ct. 385, 393, 91 L.Ed. 451 (1946),

> "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusions by opposing parties and their counsel. Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference."

The work-product doctrine of *Hickman v. Taylor, Id.,* provides immunity from the discovery of materials which are prepared in anticipation of litigation.[1]

Under Fed.R.Civ.P. 26(b)(3), the Court may allow discovery of materials prepared in anticipation of litigation if justified. A litigant can secure access to work product documents "by establishing the relevance of the requested documents, Fed.R.Civ.P. 26(b)(1), and by satisfying the substantial need and undue hardship requirements of Rule 26(b)(3)." *In Re Murphy,* 560 F.2d 326, 335 (D.Minn.1977).

■ As a party in this suit, U.S.F. & G. is entitled to the protection provided in Fed.R.Civ.P. 26(b)(3).[2] *Kelleher v. Omark Industries, Inc.,* 19 Fed.Rules Serv.2d 725 (D.Mass.1974), distinctly states that a "[w]orkmen's compensation insurer qualifies as a party for purposes of obtaining work product protection from discovery."

■ Fed.R.Civ.P. 26(b)(3) does not extend to "[m]aterials assembled in the ordinary course of business ... or for other non-litigation purposes...." *APL Corporation v. Aetna Casualty & Surety Co.,* 91 F.R.D. 10, 17 (D.Md.1980).

■ The party opposing discovery has the initial burden of proof on the issue of whether the documents sought are attorney work product. *Kleinerman v. United States Postal Service,* 100 F.R.D. 66, 70 (D.Mass.1983).

---

1. "The primary purpose of the work product doctrine is to protect the mental impressions, opinions and legal theories prepared by an attorney in anticipation of litigation.

    Under Rule 26(b)(3) three conditions must be satisfied in order to establish work product protection. The material in question must: 1) be a document or tangible thing, 2) which was prepared in anticipation of litigation, and 3) was prepared by or for a party, or by or for its representative." *Compagnie Francaise D'Assurance v. Phillips Petroleum Co.,* 105 F.R.D. 16, 41 (S.D.N.Y.1984).

2. Defendant initially urged this Court to find that U.S.F. & G. is not entitled to the protections of Rule 26(b)(3), because it is not a party to the case *sub judice.* However, at the hearing, the defendant withdrew this request and agreed that as Christopher Fairbanks' representative, U.S.F. & G. is a proper party in this action. "The protection accorded by Rule 26(b)(3) can only be asserted by a 'party' or his 'representative' which ... includes his 'insurer'." *Bunting v. Gainsville Machine Co.,* 53 F.R.D. 594, 595 (D.Del.1971).

■ The defendant submits that the documents sought are not protected under the work product doctrine. Rather, they were prepared by the plaintiff in the ordinary course of business and not in anticipation of litigation.[3]

Plaintiff asserts that the documents requested were prepared in anticipation of litigation and are thus subject to the immunity of the work product doctrine.[4] At the hearing, plaintiff stated that the requested salvage reports were the result of plaintiff's investigation of the equipment which allegedly caused injury to Christopher Fairbanks. Moreover, as a worker's compensation insurer, it would have no interest, under worker's compensation law, in investigating such equipment within the ordinary course of business. Plaintiff further states that defendant's attempt to obtain the salvage reports is clearly an improper attempt to discover the mental impressions of its adjuster and agents concerning the case.[5]

The Court notes that the plaintiff was injured in 1981 and received worker's compensation benefits from 1981–1982.[6] The requested salvage reports are dated 1984 and 1985.[7] Based on the span of time between plaintiff's injury and the preparation of these reports, this Court finds that these documents were prepared in anticipation of litigation. As such, the salvage reports are entitled to the protection of the work product doctrine, and need not be produced.

■ Plaintiff also requests that the same protection apply to the remaining documents in question. Specifically, plaintiff posits that the statement of Donald Childs, Barber Electrical Manufacturing Co., and the investigative report of Peter Cavanaugh were prepared in anticipation of litigation.

The Court finds that both the statement of Mr. Childs and the investigative report of Mr. Cavanaugh were dated on or about November, 1981, two months after the plaintiff's injury.[8] The deposition testimony of Marjorie Doe, keeper of records of U.S.F. & G. reveals that these two documents were part of U.S.F. & G.'s investigation of plaintiff's claim.[9] Investigation into worker's compensation claims is conducted in the ordinary course of U.S.F. & G.'s business. Accordingly, this Court concludes that these documents were not prepared in anticipation of litigation. As such, these documents are not entitled to the protection of the work product doctrine, and must be produced.

Consonant with the foregoing, this Court hereby allows defendant's motion in part, and denies the motion in part.

SO ORDERED.

3. Defendant's memorandum in support of motion to compel discovery (# 23), p. 2.

4. Plaintiff's memorandum in opposition to defendant's motion to compel discovery (# 25), p. 3.

5. Plaintiff's memorandum in opposition to defendant's motion to compel discovery (# 25), p. 4.

6. Deposition of keeper of records of U.S.F. & G. (# 23), p. 9.

7. Defendant's motion to compel discovery (# 22), p. 4.

8. Defendant's motion to compel discovery (# 22), p. 4.

9. Deposition of keeper of records of U.S.F. & G. (# 23), p. 11–16.