Peter K. SHAM, Administrator of the Estate of Victor S. Sham, Plaintiff,

v.

HYANNIS HERITAGE HOUSE HOTEL, INC., Defendant.

Civ. A. No. 87–0041–Mc.

United States District Court, D. Massachusetts.

Nov. 18, 1987.

Robert W. Walker and Thomas J. Butters, Boston, Mass., for plaintiff.

Thomas Burns, Burns & Levinson, Boston, Mass., for defendant.

## ORDER ON PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

JOYCE LONDON ALEXANDER, United States Magistrate.

The instant motion arises out of a negligence action wherein plaintiff seeks, among other things, actual and punitive damages for defendant's alleged acts and omissions. The gravamen of plaintiff's complaint is that defendant breached the duty it owed to plaintiff's decedent, Victor Sham, by defendant's failure to operate and supervise its pool area in a reasonable manner.

Decedent, in 1986, was a patron at defendant's hotel, and drowned in defendant's swimming pool while registered in said hotel as a guest. Decedent allegedly went for a swim in the pool at 3:45 p.m. on July 1, 1986 and was found by another patron at approximately 4:15 p.m. unconscious on the bottom of the swimming pool. According to the complaint, at the time the decedent was so found in the pool, the lifeguard, employed by defendant, was not in the pool area, thus causing the pool area to be unsupervised. Plaintiff's decedent never regained consciousness and died on July 2, 1986.

On April 1, 1987, plaintiff served its first Request for Production of Documents upon

defendant. By agreement of the parties, defendant was given an enlargement of time within which to respond. Defendant responded, including its objections to certain requests, on June 2, 1987. The defendant objected to Request Numbers 1, 2, 3, 4, 5, 10 and 13, and plaintiff thereafter filed the instant motion to compel. However, since the filing of this motion, the parties have resolved their dispute regarding Requests 1, 2, 3, 10 & 13; thus, the only controversies that remain pursuant to this motion are Requests 4 and 5.

Defendant objected to Request 4 [1] on the grounds that it is overly broad and seeks information which is protected by both the attorney-client [2] and work-product privileges. Defendant's objection to Request 5 [3] is that the material sought is not discoverable since it was prepared in anticipation of litigation. Defendant supports these objections by asserting that the only documents in its possession responsive to these requests are notes prepared by a representative of defendant's insurer and several statements transcribed by that same representative after the accident, all of which were prepared with an eye towards possible litigation. In opposition, plaintiff contends that the information sought is not entitled to work-product protection. Moreover, plaintiff asserts that

defendant must show, with respect to each responsive document, that such was prepared pursuant to Fed.R.Civ.P. 26(b)(3) [4] circumstances.

This Court has previously recognized that under Fed.R.Civ.P. 26(b)(3) there exists a conjunctive three-prong test to determine whether matter is to be characterized as work product:

> The material in question must: 1) be a document or tangible thing, 2) which was prepared in anticipation of litigation, and 3) was prepared by or for a party, or by or for its representative.

*Fairbanks v. American Can Co., Inc.*, 110 F.R.D. 685, 687 n. 1 (D.Mass.1986) quoting from *Compagnie Francaise D'Assurance v. Phillips Petroleum Co.*, 105 F.R.D. 16, 41 (S.D.N.Y.1984). The burden is upon the party resisting discovery to demonstrate that the matter being sought is indeed work-product as defined by Fed.R.Civ.P. 26(b)(3). *Fairbanks, supra* at 687 citing *Kleinerman v. United States Postal Service*, 100 F.R.D. 66, 70 (D.Mass.1983).

The second prong of the *Compagnie* test, the question of whether reports or statements made to or by a party's insurer after an accident are made in "anticipation of litigation", *see Basinger v. Glacier Carriers, Inc.*, 107 F.R.D. 771, 773–74 (M.D.Pa.1985) and the cases cited therein,

---

1. Document Request No. 4 seeks:

   Any notes, memoranda, or other documentation in the possession of the defendant or his agents, servants, and employees which in any way relate to the incident as set forth in the Complaint.

2. Though defendant raised in its response to Request No. 4 the objection that the attorney-client privilege protects the sought information from disclosure, it has totally abandoned that argument in its memorandum in opposition to plaintiff's motion and relies solely upon the work-product doctrine. This Court, therefore, will only consider that latter argument in resolving the question of whether the sought information should be compelled.

3. Document Request No. 5 seeks:

   All statements, written or oral, signed or unsigned, or transcribed which were taken from or given to the defendant or any of its agents, servants, attorneys or employees that relate in any way to the incident set forth in the Complaint.

4. Rule 26(b)(3) of the Federal Rules of Civil Procedure provides in pertinent part:

   (3) *Trial Preparation: Materials.* Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

provides the major area of disagreement between the Federal Courts. Insurance companies frequently claim that investigations made by their representatives after an accident are undoubtedly made with an eye towards possible, and even highly likely, future litigation. In spite of the veracity of insurers' contention—indeed many of the claims evolving from such accidents *do* end up in court—the judicial disharmony centers around the question of whether Fed.R.Civ.P. 26(b)(3) was drafted with the intent that insurance investigators' files would be entitled to enjoy a blanket privilege from discovery because of the possibility that litigation would ensue as a result of the events that prompt their investigations. *Basinger* points out that there has not yet emerged a majority position on this question, and the courts have generally adopted one of three positions. 107 F.R.D. at 773.

The most restrictive view was that advanced by the Northern District of Illinois in the case of *Thomas Organ Co. v. Jadranska Slobodna Plovidba*, 54 F.R.D. 367 (N.D.Ill.1972). *See Basinger, supra* at 773. The *Thomas Organ* court essentially held that any statements or reports made by or to a party's agent, other than the party's attorney in his role as a counsellor, that were not prepared by or for an attorney's legal expertise, were therefore *not* made in anticipation of litigation, but rather were made in the ordinary course of business, thus negating any eligibility for work product protection. *See Thomas Organ, supra* at 372–73; *Basinger, supra* at 773. *Basinger* noted that this view has been rejected by "many courts as contrary to the intent of the 1970 amendments to Rule 26(b)". *Id.*

A second view, more liberal in its interpretation of Fed.R.Civ.P. 26(b)(3), has taken the position that any documents prepared by an insurance investigator immediately following an accident are indeed made in anticipation of litigation. *See Basinger, supra* at 773–74 citing *Fontaine v. Sun-flower Beef Carrier*, 87 F.R.D. 89 (E.D.Mo. 1980) and *Almaguer v. Chicago, Rock Island & Pacific R.D.*, 55 F.R.D. 147 (D.Neb. 1972). This interpretation of the rule offers insurance claim files broad protection from disclosure under the work-product doctrine.

■ The third view employs a case-by-case approach to determine whether the matter was prepared in anticipation of litigation. *Basinger, supra* at 774 citing *APL Corp. v. Aetna Casualty & Surety Co.*, 91 F.R.D. 10, 18 (D.Md.1980). Adherers to this view, *Basinger* points out, acknowledge "the concerns of the *Thomas Organ* court about insulating insurance claim files from discovery, but [find] the *Thomas Organ* view too restrictive". *Id.* This Court concurs with the third view and will proceed to determine initially whether defendant, as the party resisting discovery, has met its burden in showing that the protections of Fed.R.Civ.P. 26(b)(3) should obtain by demonstrating that the sought documents were prepared in anticipation of litigation.[5]

■ In its effort to discharge its burden, defendant argues that the notes and statements sought were prepared or taken by defendant's insurer after the drowning incident at a time when such an investigation was "motivated by a need to obtain facts for use at a possible subsequent trial …".[6] Thus, the investigative report was made in anticipation of litigation. Defendant further asserts that the facts of the subject accident, at the very outset, compelled a conclusion that the probability of litigation was substantial. Without more than these conclusory assertions, the second prong cannot be met. This Court finds that the investigation conducted by defendant's insurer is in the ordinary course of business and is not shielded by Fed.R. Civ.P. 26(b)(3). *See Fairbanks, supra* at 688. The Court so finds due to the lack of facts before it, facts which the assertor of

---

5. This Court's analysis begins with the second prong of the *Compagnie* test since there is no dispute, and this Court so finds, that the first and third prongs of the test have been met.

6. Defendant's Memorandum in Opposition at 5.

the privilege must advance.[7] Accordingly, plaintiff's motion is hereby granted.

SO ORDERED.

---

**7.** This Court notes defendant's argument that plaintiff has not demonstrated a substantial need for the sought information, and that plaintiff has not shown that he cannot, without undue hardship, obtain the substantial equivalent of the requested matter. However, that contention need only be examined once the Court has determined that the sought discovery is indeed otherwise entitled to work-product protection.

*See Fairbanks, supra,* at 687 citing *In re Murphy,* 560 F.2d 326, 335 (8th Cir.1977). Absent a finding that the requested documents constitute work product, the only showing that the party seeking discovery must make is that the documents sought are relevant in accordance with Fed.R.Civ.P. 26(b)(1). In the instant case, there is no dispute as to the relevancy of the requested discovery.