Houston, J.
The plaintiffs in this wrongful death action seek an order compelling the defendant Normandy Farms Family Campgrounds, Inc. (“Normandy Farms”) to produce various documents relating to the drowning death of the late Michaele A. Poteau. Defendant objects to plaintiffs’ motion asserting that the information sought is privileged. For the following reasons, plaintiffs’ motion is allowed as to Request Nos. 1 and 2 and is otherwise denied.
BACKGROUND
On July 20, 1996, Michaele A. Poteau, age 14, drowned in one of the indoor swimming pools on Normandy Farms’ premises. Shortly after the accident, Normandy Farms’ insurer, Evergreen Indemnity Ltd. (“Evergreen”), hired Allied Adjustment Service (“Allied”) to investigate the circumstances surrounding the drowning. During their investigation, Allied interviewed Normandy Farms’ employees and other potential witnesses and obtained a number of written statements. Most of these statements are dated July 29, 1996, but others are dated between September and November of 1996, and one is dated January 1997. Normandy Farms retained Gerard T. Donnelly (“Donnelly”) as defense counsel on or about August 6, 1996. In October 1997, defendant retained an expert for consulting purposes. Sometime after March 29, 2000, defendant retained Lariy E. Paulick (“Paulick”) as an expert witness for trial.
Plaintiffs, the parents of Michaele A. Poteau, filed suit on November 3, 1997 against Normandy Farms for negligence in the maintenance, supervision, and operation of defendant’s swimming pools.[3] During the discovery process, plaintiffs’ counsel deposed most, if not all, of the individuals whose statements are the subject of this motion.
On April 28, 2000, plaintiffs filed a motion to compel the production and inspection of documents.[4] On May 22, 2000, King, J. allowed plaintiffs’ motion with regard to Request Nos. 12, 13, and 14 and further ordered *116 defendant to file all of the documents requested in Request Nos. 1, 2, 3, and 8 for an in camera inspection by the court. Judge King specified that the documents be accompanied by a privilege log describing each withheld document and stating the claimed privileges. On June 7, 2000, defendant Normandy Farms filed a motion for reconsideration and/or motion to limit the scope of the court’s ruling which Judge King denied.
Plaintiffs now seek all documents, reports and statements relating to the drowning death of their daughter.[5] The documents plaintiffs seek fall into the following three categories of information: (1) employee/witness statements (Requests Nos. 1 and 2); letters from an insurance investigator to defense counsel (Request No. 8); and (3) expert reports and letters to defense counsel (Request No. 3). The defendant objects to the production of these documents on the grounds that they are privileged work product, prepared in anticipation of litigation, they are protected by the attorney-client privilege, and that plaintiffs’ request exceeds the scope of discovery permissible under Rule 26 of the Massachusetts Rules of Civil Procedure.
DISCUSSION
“Generally, discovery is permissible of any non-privileged material which is relevant to the pending action and reasonably calculated to lead to the discovery of admissible evidence.” Hull Mun. Lighting Plans v. Massachusetts Mun. Wholesale Electric Co., 414 Mass. 609, 615 (1993), citing Mass.R.Civ.P. 26(b)(1). The generally broad discovery provided by Rule 26 is limited by the work product doctrine, the attorney-client privilege, and the rule itself. The conduct and scope of discovery is within the sound discretion of the trial judge. See GTE Products Corp. v. Stewart, 414 Mass. 721, 725 (1993), quoting Solimene v. B. Grauel & Co., KG, 399 Mass. 790, 799 (1987).
The Massachusetts Rules of Civil Procedure, adopted in substantially the same form as the Federal Rules of Civil Procedure, are to be construed in a manner consistent with the construction given to the federal rules by the federal courts, absent compelling reasons to the contrary or significant differences in content. See Rollins Envtl. Services, Inc. v. Superior Court, 368 Mass. 174, 179-80 (1975). Because Massachusetts Rule 26 corresponds to the federal rule, this court is guided by the federal courts’ construction of Federal Rule of Civil Procedure 26.
Defendant first claims that the documents sought are protected from discovery by the work-product doctrine.[6] Work product materials may only be discovered on a showing of substantial need by the party seeking the documents and of that party’s inability to obtain the substantial equivalent of the information elsewhere without undue hardship. See Hull Mun. Lighting Plant, 414 Mass, at 615-16, citing Mass.R.Civ.P. 26(b)(3). Rule- 26(b)(3) protection does not extend to materials assembled in the ordinary course of business or for other non-litigation purposes. See Fairbanks v. American Can Co., 110 F.R.D. 685, 687 (D. Mass. 1986). The burden is on the party resisting discovery to demonstrate that the requested material constitutes work product within the scope of Rule 26(b)(3). See Colonial Gas Co. v. Aetna Cas. & Sur. Co., 144 F.R.D. 600, 605 (D. Mass. 1992); Sham v. Hyannis House Hotel, Inc., 118 F.R.D. 24, 25 (D. Mass. 1987): Fairbanks, 110 F.R.D. at 687.
First, the court examines the issues regarding the documents requested in plaintiffs’ Request Nos. 1 and 2. As an initial matter, the “Normandy Farm Family Campground Customer Incident Report Form” is a typed document containing spaces with handwritten comments. The form indicates the date and time of the incident as July 20,1996 at 4:00 p.m., and itis signed byaNormandy Farms staff member and dated July 20, 1996, 9:30 p.m. The court rules that this form was prepared in the ordinary course of business, is not subject to any privilege, and must be produced to the plaintiffs.
The remaining documents in response to plaintiffs’ Request Nos. 1 and 2 are statements of various witnesses to an Allied investigator. Because the insurance investigator obtained the documents for a party in this case the issue is whether the statements were obtained in anticipation of litigation or in the normal course of business. See Mass.R.Civ.P. 26(b)(3). In the First Circuit, courts follow a fact-driven, case-by-case approach to determine whether documents prepared by insurance investigators after accidents were prepared in anticipation of litigation or in the ordinary course of business. See Sham, 118 F.R.D. at 26. “The pertinent test is: whether in light of the nature of the document and the factual situation in the particular case the document can fairly be said to have been prepared or obtained because of the prospect of litigation.” Colonial Gas Co., 144 F.R.D. at 605.
In a case similar to this one, where a patron drowned in a hotel swimming pool, the District Court found that the investigation conducted by the hotel’s insurer was in the ordinary course of business and that notes and statements taken by a representative of the hotel’s insurer were not shielded by Fed.R.Civ.P. 26(b)(3). See Sham, 118 F.R.D. at 26. The District Court held that the defendant’s conclusory assertions that the investigation was “motivated by a need to obtain facts for use at a possible subsequent trial...” and “that the probability of litigation was substantial” were insufficient to meet the work product standard id.; cf Fairbanks, 110 F.R.D. at 688 (deposition testimony of insurance company’s keeper of the records was sufficient to establish that a particular document was part of an investigation conducted in the ordinary course of business). Courts also look to the timing of a statement or report in relation to an incident in determining whether it was prepared in anticipation of litigation or in the normal course of business. See Fairbanks, 110 F.R.D. at 688.
Here, the defendant asserts that the insurance investigator took the statements in anticipation of litigation, *117 but offers no affidavits or other evidence to that effect. In addition, most of these statements are dated July 29, 1996, nine days after the accident, one week prior to defendant’s retention of counsel, and over a year before plaintiffs filed suit. Because Normandy. Farms has failed to meet its burden of demonstrating that the witness statements contained in the remaining documents of Request Nos. 1 and 2 constitute work product, the court rules that the statements are discoverable and must be produced to the plaintiffs.
Next, the court examines the issues relative to plaintiffs’ request No. 8. All of the defendant’s responses to plaintiffs’s Request No. 8 are letters and reports from Allied to defense counsel Donnelly dated between August 20, 1996 and June 24, 1997. Defendant claims that these documents are work product and protected by the attorney-client privilege.[7] The nature of these documents leads the court to conclude that Allied prepared these reports for defendant’s attorney in anticipation of litigation. See Colonial Gas Co., 144 F.R.D. at 605. Therefore, the court rules that these documents are privileged work product within the scope of Rule 26(b)(3). Because virtually all of the attachments to these privileged letters were either previously produced to the plaintiffs, ordered to be produced by this court, are public documents available to the plaintiffs, or are available through subpoena or deposition testimony, the court further rules that plaintiffs’ cannot show (1) a substantial need for these materials and (2) that they are unable to obtain the substantial equivalent of these documents by other means without undue hardship. See Hull Mun. Lighting Plant, 414 Mass, at 615-16; Colonial Gas Co., 144 F.R.D. at 605; Mass.R.Civ.R 26(b)(3). Therefore, plaintiffs’ motion to compel documents as to Request No. 8 is denied.
Finally, the court examines the issues relating to plaintiffs’ request No. 3. The documents that defendant produced for in camera inspection in response to plaintiffs’ Request No. 3 include the following: a contract between defense counsel Donnelly and an expert dated October 2, 1997; letters, a report, an invoice, and a note from an expert to Donnelly dated between October 4, 1997 and January 14, 1998; and a letter from an expert, Larry Paulick, to Donnelly dated March 29, 2000. Defendant claims these documents are privileged and exceed the scope of discovery permissible under Rule 26. The nature of these documents leads the court to conclude that the letters from both experts, the report, and the note from another expert to Donnelly are documents prepared in anticipation of litigation and as such, are privileged work product under Mass.R.Civ.R 26(b)(3). See Colonial Gas Co., 144 F.R.D. at 605. The court rules that the plaintiffs have failed to show substantial need for the materials and that they are unable to obtain the substantial equivalent by other means without undue hardship.
In addition, Massachusetts Rule of Civil Procedure 26(b)(4) limits discovery relating to experts. Under this rule “[a] party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.” Mass.R.Civ.P. 26(b)(4)(a)(i). Additionally, a party may not discover facts known or opinions held by an expert who has been “retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial” absent “a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.” Mass.R.Civ.P. 26(b)(4)(B).
Normandy Farms identified Paulick as an expert it intends to call as a witness at trial. The letter from Paulick, however, falls outside the scope of Rule 26(b)(4)(a)(i). At the hearing on this motion, defense counsel stated that the defense does not intend to call as a witness at trial the other expert referenced in the above documents. Because it is clear that the defense retained these experts in anticipation of litigation, because some of the above documents fall outside the scope of Rule 26(b)(4)(a)(i), and because the plaintiffs failed to show the exceptional circumstances required under Rule 26(b)(4)(B) that would allow discovery, plaintiffs’ motion to compel documents as to Request No. 3 is denied.
ORDER
For the foregoingreasons, Plaintiffs’ Motion to Compel the Production and Inspection of Documents is ALLOWED as to plaintiffs’ Request Nos. 1 and 2, and is DENIED as to Request Nos. 3 and 8. Plaintiffs’ Motion for Costs and Attorney’s Fees is also DENIED.

Plaintiffs also asserted claims against Robert Doolittle, for negligence and gross negligence, and Evergreen Indemnity Ltd. for unfair and deceptive acts and practices in violation of G.L.c. 176D and G.L.c. 93A.

In that motion, plaintiffs sought the following documents:

Request No. 1:

All documents, reports and statements which were taken from or given by any and all agents or employees of the defendant Normandy Farms concerning the events alleged in the plaintiffs’ complaint.

Request No. 2:

All documents, reports, or statements which were signed, filled out and/or completed by any witness(es) to the events alleged in the plaintiffs’ complaint or any person(s) who has/have knowledge of said events.

Request No. 3:

All documents, reports, statements, or letters which were filled out by an expert or experts concerning the events alleged in the plaintiffs’ complaint.

Request No. 8:

*118 Any and all documents pertaining to the swimming-pool-drowning accident as set forth in the plaintiffs’ complaint.
Plaintiffs also requested various financial documents in Request Nos. 12, 13, and 14.

Plaintiffs seek the compelled production of the following documents identified in the privilege log and supplemental privilege log:

Response to Request Nos. 1 and 2:

1. Document dated July 20, 1996 entitled “Normandy Farm Family Campground Customer Incident Report From;’’
2. Statement of Richard Parker dated July 29, 1996;
3. Statement of Ryan Blazejewski dated July 29, 1996;
4. Statement of Sarah Roach, dated July 29, 1996 (including note from Kathleen Roach dated July 29, 1996);
5. Statement of Kim Ferreira dated July 29, 1996 (including note from Nancy Ferreira dated July 29, 1996);
6. Statement of Marc Dorscheif dated September 23, 1996 (previously provided to plaintiffs);
7. Statement of George W. Young dated September 24, 1996;
8. Letter of David Velilla to Allied Adjustment Service dated November 12, 1996;
9. Statement of Cheryl DeLage dated January 8, 1997 (previously provided to plaintiffs);
10. Statement of Kathy Sherrod dated October 2, 1996. Response to Request No. 8
1.Letter from Allied Adjustment Service (“Allied”) dated August 20, 1996 with attachments:
a. Statement of Rick Parker (previously produced for in camera inspection);
b. Statement of Sarah Roach (previously produced for in camera inspection);
c. Statement of Kim Ferreira (previously produced for in camera inspection);
d. Incident Report (previously produced for in camera inspection);
e. Board of Health Records (Normandy Farms is no longer in the possession or control of these records);
f. Pool Maintenance Records (previously produced to plaintiffs);
g. Police Report (previously produced to plaintiffs);
h. Camp Literature (previously produced to plaintiffs);
i. News Articles (produced herein);
j. Photographs of Pool and Campground (photocopies produced herein);
2. Letter from Allied dated September 27, 1996 with attachments:
a. Time Sheets (produced herein);
b. Pool Safety Equipment Checklist (previously produced to plaintiffs);
c. News Article from Sun Chronicle (produced herein);
d. Statement of George Young (previously produced for in camera inspection);
3. Letter from Allied dated October 31, 1996 with attachments:
a. Statement of Marc Dorscheid (previously produced for in camera inspection and to plaintiffs);
b. Memo dated September 26, 1996 from Dorothy Albernaz;
4. Letter from Allied dated November 25, 1996;
5. Letter from Allied dated December 31, 1996;
6. Letter from Allied dated February 14, 1997 with attachments:
a. Statement of Kathy Sherrod (previously produced for in camera inspection):
b. Statement of Cheryl Delage (previously produced for in camera inspection and to plaintiffs);
7. Letter from Allied dated April 3, 1997 with attachments:
a. Typed statement of Robert Doolittle to Police (Normandy Farms is no longer in possession and control of this statement);
b. Board of Health Records (Normandy Farms is no longer in possession or control of these records);
c. Photographs (photocopies produced herein);
8. Letter from Allied dated May 7, 1997;
9. Letter from Allied dated May 19, 1997 with attachments:
а. Police Photographs (previously obtained by the plaintiffs);
10. Letter from Allied dated June 24, 1997.

Response to Request No. 3:

1. Document entitled Contract for Consultant Services dated October 2, 1997;
2. Letter addressed to Gerard Donnelly, Esq. dated October 4, 1997;
3. Invoice addressed to Gerard Donnelly, Esq. dated October 4, 1997;
4. Letter addressed to Gerard Donnelly, Esq. dated January 14, 1998;
5. Undated note.
б. Letter addressed to Gerard Donnelly, Esq. dated March 29, 2000.

The work product doctrine is codified by Mass.R.Civ.P. 26 (b)(3) which states in pertinent part the following:
[A] party may obtain discovery of documents and tangible things . . . prepared in anticipation of litigation or for trial by or for another party or by or for that other party’s representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

The attorney-client privilege protects confidential communications received from a client during the course of the client’s search for legal advice from an attorney in his or her capacity as such, provided that the privilege has not been waived. See In the Matter of the Reorganization of Electric Mut. Liab. Ins. Co., Ltd. (Bermuda), 425 Mass. 419, 421 (1997). “The attorney-client privilege may extend to communications from the client’s agent or employee to the attorney." Ellingsgard v. Silver, 352 Mass. 34, 40 (1967). The privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him or her to give sound and informed advice. See Upjohn Co. v. United States, 449 U.S. 383, 390 (1981). The existence of the privilege is a question of fact for the judge. See Purcell v. District Attorney for the Suffolk District, 424 Mass. 109, 113 (1997). “The burden of proving that the attorney-client privilege applies to a communication rests on the party asserting the privilege.” Id. at 115. Although defendant offers little evidence in the papers to support its claim of attorney-client privilege, the court rules that this privilege also applies to the Allied letters to Donnelly and notes that the attorney-client privilege, unlike the work product privilege, cannot be overcome by a showing of need.