Houston, J.
This action arises out of an incident in the home of Eric D. and Ruth Janson (the “Jansons” in Concord, Massachusetts on June 11, 2002, when the plaintiff, Edda R. Dyson (“Edda”) slipped and fell while descending a staircase. Edda, a real estate broker, was at the Jansons’ home attending a brokers’ open house. Edda and her husband (the “Dysons”) brought claims against the Jansons for negligence and loss of consortium.
Now before the court is the Dyson’s motion pursuant to Mass.R.Civ.P. 26(b)(3) and 37(a) to compel production of documents related to the Janson’s insurance carrier’s interview of Phyllis Maurer (“Maurer”), a witness to incident. For the reasons set forth below, this motion is DENIED.
DISCUSSION
The Dysons assume that the Jansons will call Maurer as a witness to dispute Edda’s recollection of the incident. The Dysons contend that Maurer’s deposition testimony concerning the incident and her recollection of the interview conducted by John Lajoie (“Lajoie”), a private investigator hired by the Janson’s insurance carrier, contradict Lajoie’s deposition testimony. The Dysons therefore, seek the recording and the transcript of Lajoie’s interview of Maurer. They contend that they need the recording and transcript in order to properly cross examine and impeach Maurer. The Jansons argue that Lajoie’s interview was conducted in anticipation of litigation and is therefore privileged.
Mass.R.Civ.P. 26(b)(3) permits production of documents that are prepared in anticipation of litigation “only upon a showing that the party seeking discovery has substantial need of the materials . . . and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means." This work product doctrine “is intended to enhance the vitality of an adversary system of litigation by insulating counsel’s work from intrusions, interferences, or borrowing by other parties as he prepares for the contest.” Ward v. Peabody, 380 Mass. 805, 817 (1980), citing Hickman v. Taylor, 329 U.S. 495, 511 (1947).
This analysis under the work product doctrine requires a two-step process: 1) whether the documents requested are protected as work product; and 2) whether the plaintiff has made the requisite “substantial need” and “undue hardship” showing in order to overcome the privilege. The burden to demonstrate that the materials sought are indeed work product within the scope of Rule 26(b)(3) is on the party resisting discovery. Sham v. Hyannis House Hotel, Inc., 118 F.R.D. 24, 25 (D.Mass. 1987); Colonial Gas Co. v. Aetna Cos. & Sun Co., 144 F.R.D. 600, 605 (D.Mass. 1992). The test is whether or not “(a]t the time the item was prepared, was the person preparing it acting on behalf of the person who later became a party to the present action?” James W. Smith & Hiller Zobel, Massachusetts Practice Series, Rules Practice §26.5 at210 (1975); see City of Worcester v. HCA Management Co., Inc., 839 F.Sup. 86, 88 (D.Mass. 1993).
In the present case, although there is no dispute that an agent of the Janson’s insurer conducted this interview in anticipation of litigation, the Dysons nonetheless argue that the requested recording and transcript are not work product within the scope of Rule 26(b)(3). The Dysons contend that there is a distinction between the verbatim recordings or transcription of a witness’s statement and the attorney’s or investigator’s thoughts, strategy or mental impressions regarding the statements.
There is a distinction under Rule 26(b)(3) between documents prepared in anticipation of litigation that contain thoughts and impressions and those that only contain facts. The former categoiy is never discoverable while the latter is discoverable upon the requisite showing of substantial need and undue hardship. The only documents prepared in anticipation of litigation that are discoverable without such a showing are documents which contain the discovering party’s earlier statements concerning the litigation.
Accordingly, under Rule 26(b)(3), the Dysons could compel production of earlier statements Edda had made; however, they cannot compel production of statements made by Maurer, a non-party witness, absent a showing of substantial need and undue hardship. The Dysons have failed to sufficiently make this showing. The Dysons have access to Maurer, and in fact have deposed her. Even assuming the Dysons could satisfy the “substantial need” prong of the test, they cannot establish the “undue hardship” prong. Through deposition, the Dysons have had the ability to obtain the substantial equivalent of the material *549 sought: Maurer’s recollection of the incident when Edda slipped and fell on the stairs in the Janson’s home. The Dysons’ motion to compel is therefore denied.
ORDER
For the foregoing reasons, it is hereby ORDERED that the Dyson’s motion to compel production of the recording and/or transcripts of Lajoie’s interview of Maurer is DENIED.