**Edna Harrington BONDY, Admx. Est. of John Harrington**

*v.*

**Carolyn BROPHY.**

**Civ. A. No. 87–0204–F.**

United States District Court, D. Massachusetts.

March 15, 1989.

F. Anthony Mooney, Hale and Dorr, Boston, Mass., for plaintiff.

Ronald E. Oliveira, Cain, Hibbard, Pittsfield, Mass., for defendant.

## MEMORANDUM AND ORDER REGARDING DEFENDANT'S MOTION TO COMPEL

MICHAEL A. PONSOR, United States Magistrate.

The defendant has moved to compel further answers to interrogatories contained in her first and third sets, as well as to compel a further response to her request for production. For the reasons set forth below, the Motion to Compel will be denied.

As to the first set of interrogatories, the questions at issue are Nos. 7 through 11. Having reviewed the questions and answers, the court has concluded that the responses, while perhaps unsatisfactory to defendant, are complete and responsive to the best of plaintiff's ability. The fact that defendant considers plaintiff's claim to be thin, or contradicted by other evidence, is not in itself an objection to her answers to the interrogatories.

As to the third set of interrogatories, the questions at issue are Nos. 2 through 5. Interrogatory No. 2 has not been shown to be relevant to the subject matter of this litigation or likely to lead to the discovery of admissible evidence. Defendant's memo does not discuss this interrogatory and the court simply cannot discern how this information pertains.

Interrogatories 3, 4 and 5 seek information obtained by an investigator hired by the plaintiff, including identities of persons investigated, identities of persons contacted and copies of any and all written reports. It is well established in the insurance context that reports obtained by in-

vestigators are covered by the limited work product privilege set forth in Fed.R.Civ.P. 26(b)(3). *See* 8 Wright & Miller, *Federal Rules of Civil Procedure*, § 2024 at 206 (1970 ed.). Here, defendant argues that this doctrine does not apply because the investigation and resulting report were not "prepared in anticipation of litigation or for trial...." This objection is unpersuasive. There is no allegation that the material sought was, for example, maintained in the ordinary course of business, or that it is typical for the administratrix of an estate to hire an investigator to look into property transfers of a decedent. The only reasonable inference is that the investigator was hired because the administratrix had questions about these transfers and was considering appropriate legal action if the inquiry turned up evidence of questionable conduct. Moreover, the investigator was apparently hired by plaintiff's lawyer. Under these circumstances, the investigator's report and the names of persons he or she contacted enjoy qualified protection.

In addition, the court is not persuaded either that the defendant "has substantial need of the materials" or that she is "unable without undue hardship to obtain the substantial equivalent...." Fed.R.Civ.P. 26(b)(3). The plaintiff must fully disclose her witnesses and the facts supporting her case. The defendant will be able to depose these witnesses, if she chooses. There should be no surprises here. As noted in Wright & Miller, "[d]iscovery of work product material will be denied if the party seeking discovery can obtain the information he desires by taking the deposition of witnesses." *Id.* § 2025 at 215. If it emerges that the investigator has statements of witnesses to whom the defendant has no reasonable access, the court may reconsider this prong of its decision and require limited discovery. On the facts at this time, however, no such order is indicated.

Finally, the Motion to Compel with regard to the documents, seeking a copy of the report and of all statements must be DENIED for the reasons set forth above.

As promised in the court's Scheduling Order of December 8, 1988 the remaining pretrial period of this case will unfold as follows:

(1) Plaintiff will fully answer defendant's expert interrogatories, setting forth full, responsive answers with regard to each expert whom plaintiff intends to call, no later than June 1, 1989;

(2) Defendant will do the same with regard to plaintiff's expert interrogatories no later than July 1, 1989,

(3) All discovery will close and all depositions will be completed, both expert and non-expert, no later than August 1, 1989.

Counsel will appear again before this court for a final pretrial conference on August 18, 1989 at 11:30 a.m. At least three (3) days prior to the conference, counsel will file final pretrial memoranda as detailed in the attached order. *Please note:* failure to file a final pretrial memo as ordered will result in a recommendation of default or dismissal.

It is So Ordered.