Doerfer, J.
INTRODUCTION
Plaintiff Robert Harris brings this medical malpractice action both individually and in his capacity as Administrator of his wife’s estate to recover for medical treatment rendered to his wife, Gretchen Harris, at Massachusetts General Hospital while under the care of the defendant, Dr. Bruce Steinberg, a resident at the hospital. The plaintiff now moves this Court to compel the production of various documents which the defendant claims are privileged. For the reasons discussed below, the motion to compel is DENIED.
BACKGROUND
Plaintiff Robert Harris first served a request for the production of documents on the defendant on August 4, 1995. Thereafter, on November 29, 1995, the defendant served written responses to the request but failed to produce a single document. The defendant later served a supplemental response to Harris’ request on March 8, 1996, producing documents for the first time.
On May 22, 1996, Harris filed a motion to compel the production of documents which this Court (Barrett, J.) allowed, ordering the defendant to produce certain documents and to further produce a log of all documents as to which any privilege was claimed. The defendant served said log on the plaintiff on August 5, 1996. Harris now seeks the compelled production of the following documents identified in the privilege log:
23. Memorandum by the Risk Management Foundation, dated June 8, 1992, regarding the events alleged in the plaintiffs complaint.
24. Memorandum by the Risk Management Foundation, dated April 21, 1992, regarding the events alleged in the plaintiffs complaint.
25. Letter from the Massachusetts General Hospital to the Risk Management Foundation dated April 7, 1992, regarding the events alleged in the plaintiffs complaint.
26. Notice of Claim or Potential Claim form prepared by the Massachusetts General Hospital, dated April 7, 1992, regarding the events alleged in the plaintiffs complaint.
28. Letter from the Risk Management Foundation to the Risk Management Foundation regarding the events alleged in the plaintiffs complaint.
The defendant objects to the production of these documents on the ground that the documents are privileged work product, prepared in anticipation of litigation and reflecting the legal opinions, thoughts, conclusions and trial strategy of defense counsel.
DISCUSSION
The work product doctrine is codified at Massachusetts Rule of Civil Procedure 26(b)(3), which provides:
Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or for that other party’s representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation. Mass.R.Civ.P. 26(b)(3).
The burden is upon the party resisting discovery, Dr. Bruce Steinberg, to demonstrate that the materials sought are indeed work product within the scope of Rule 26(b)(3). Fairbanks v. American Can Co., Inc., 110 F.R.D. 685, 687 (D.Mass. 1986); Sham v. Hyannis Heritage House Hotel, Inc., 118 F.R.D. 24, 25 (D.Mass. 1987); Colonial Gas Co. v. Aetna Cas. & Sur. Co., 144 F.R.D. 600, 605 (D.Mass. 1992). Documents No. 23, 24 and 28 were created by Risk Management Foundation, the adjusting company for Controlled Risk Insurance Company, Ltd., the insurer of the Harvard Medical Institutions and its practicing physicians. Massachusetts General Hospital, the defendant’s em *418 ployer, is a Harvard affiliated institution, such that Risk Management Foundation is the defendant’s insurer. Accordingly, documents created by Risk Management Foundation are documents created by a party’s representative under Rule 26(b)(3) which qualify for protection as work product if prepared in anticipation of litigation.
The plaintiff emphasizes that Documents 23, 24 and 28 were created by Risk Management Foundation within several months of Mrs. Harris’ death in 1992 while the complaint in the present case was not filed until March 10, 1995, some three years later. He thus contends that these documents were not prepared in anticipation of a lawsuit but rather, were prepared in the ordinary course of Risk Management’s business. It is well established, however, that the work product doctrine protects not only documents created in preparation for litigation, but also those created with a definite view to litigation. Ward v. Peabody, 380 Mass. 805, 817 (1980). Protection thus extends to documents which, although created before actual litigation has been initiated, concern litigation which is to be reasonably anticipated in the near future. Id.; In re Atlantic Financial Management Securities, Ltd., 121 F.R.D. 141, 144 (D.Mass. 1988).
Nonetheless, the mere possibility that a certain event could potentially lead to future litigation does not render all documents subsequently prepared with regard to that event privileged. In re Atlantic Financial Management Securities, Ltd., supra at 144; City of Worcester v. HCA Management Co., Inc., 839 F.Supp. 86, 88 (D.Mass. 1993). The essential question is what was the primary motivating purpose behind the creation of a particular document. Id. Rule 26(b)(3) does not extend to materials assembled in the ordinary course of business, pursuant to regulatory requirements or for other nonlitigation purposes. Fairbanks v. American Can Co., Inc., supra at 687. Moreover, the fact that documents made in the ordinary course of business for the purpose of gathering and beneficial use of information might ultimately be useful to a parly in case of future litigation does not give those documents protection under Rule 26(b)(3). Shotwell v. Winthrop Community Hosp., 26 Mass.App.Ct. 1014, 1016 (1988). The pertinent test is whether in light of the nature of the document and the factual situation in the particular case the document can fairly be said to have been prepared or obtained because of the prospect of litigation. Colonial Gas Co. v. Aetna Cas. & Sur. Co., supra at 605.
The defendant has produced an affidavit by Ronald Jeffries, a Risk Management Foundation Claims Supervisor, stating that it is not the normal course of business for Risk Management to investigate all patient deaths or other incidents involving its insureds, Harvard affiliated institutions and physicians. Rather, an investigation of an incident involving an insured physician or the death of a patient is conducted only upon a determination that a legal claim may be brought relative to that particular incident or patient death. Jeffries’ affidavit further states that Documents 23, 24 and 28 were prepared at the direction of Massachusetts General Hospital’s Office of General Counsel. Whether reports made by a party’s insurer after an accident are made in anticipation of litigation for purposes of Rule 26(b)(3) must be determined on a case-by-case basis. Sham v. Hyannis Heritage House Hotel, Inc., supra at 26. Where a patron drowned in a hotel swimming pool, the hotel’s conclusory assertions that its insurer’s investigatory notes and report were “motivated by a need to obtain facts for use at a possible subsequent trial” and that “the facts of the drowning accident, at the very outset, compelled a conclusion that the probability of litigation was substantial” were insufficient to demonstrate that the documents were work product under Rule 26(b)(3). Id. Thus, because the hotel failed to meet its burden of proof, the documents were discoverable as having been made in the ordinary course of business. Id.
In the present case, by contrast, the defendant has not advanced mere conclusory assertions concerning the primary motivation behind the creation of the documents at issue but has instead proffered an affidavit signed under the pains and penalties of perjury. See Fairbanks v. American Can Co., Inc., supra at 688 (concluding that the deposition testimony of the insurance company’s keeper of records was sufficient to establish that a particular report was part of a routine investigation of plaintiffs workers compensation claim and was thus prepared in ordinary course of business). Accordingly, the defendant has met his burden of demonstrating that Documents 23, 24 and 28 in the privilege log were prepared in anticipation of specific litigation and thus constitute work product protected from discovery by Rule 26(b)(3). Compare Shotwell v. Winthrop Community Hospital, supra at 1014-16 (concluding that where the plaintiff was injured after walking into a glass door at a hospital entrance, an incident report prepared by hospital personnel pursuant to hospital quality assurance policy of making reports whenever there was an “untoward event or occurrence” and reviewing them in order to propose possible corrective measures was created in the ordinary line of business, and was not privileged as work product).
Documents No. 25 and 26 were created by the defendant’s employer, Massachusetts General Hospital, within two weeks of Mrs. Harris’ death. The plaintiff contends that these documents were prepared in the ordinary course of the hospital’s business of investigating all patient deaths. However, the defendant has proffered the affidavit of Marilyn McMahon, Esq., a Massachusetts General Hospital Risk Manager, stating that the hospital does not normally prepare either a letter to Risk Management Foundation or a Notice of *419 Claim or Potential Claim upon the death of a patient. McMahon’s affidavit further states that Documents 25 and 26 were prepared at the direction of the Hospital’s Office of General Counsel in anticipation of a possible claim by the Harris estate. Documents prepared at the behest of in-house counsel in anticipation of specific litigation are protected by the work product privilege. Data General Corp. v. Grumman Systems Support Corp., 139 F.R.D. 556, 558 (D.Mass. 1991), aff'd, 36 F.3d 1147 (1st Cir. 1994). Thus, the defendant has met his burden of demonstrating that these two additional documents are entitled to the protection afforded work product under Rule 26(b)(3).
Nonetheless, even where particular documents satisfy the Rule 26(b)(3) work product test, they are discoverable upon a showing that the party seeking discovery has a substantial need for the materials and cannot obtain the substantial equivalent of the materials without undue hardship. Connelly v. Dun & Bradstreet, Inc., 96 F.R.D. 339, 343 (D.Mass. 1982); Colonial Gas Co. v. Aetna Cas. & Sur. Co., supra at 605. Neither great inconvenience nor expense constitute sufficient cause to find undue hardship. Id. Rather, the party “must convince the court that the materials sought encompass, in a wholly unique, unduplicatable manner, the information sought." James W. Smith & Hiller B. Zobel, Rules Practice §26.5, at 210 (1975).
In the present case, Harris’ showing consists of the following assertion:
Plaintiff has a substantial need of these materials in preparation of his case. He is unable without undue hardship to obtain the substantial equivalent of the materials by other means. These documents reflect contemporaneous reporting of events alleged in the plaintiffs complaint. Plaintiff has no other available means of obtaining this information which goes to the heart of the facts surrounding Mrs. Harris’ treatment and death. Even if plaintiff could locate many of the individuals who have knowledge of the events, there is little likelihood that this will lead to the substantial equivalent of the requested documents. Reports at about the time of the occurrence are unique in that they provide an immediate impression of the facts.
Where a witness is unavailable or where contemporaneous statements have been made that cannot be reproduced, courts will often order the production of work product. Connelly v. Dun & Bradstreet, Inc., supra at 343. See also Advisory Notes to Federal Rule 26(b)(3), 48 F.R.D. 487, 501 (1970) (suggesting that for purposes of substantial need and undue hardship, court may distinguish between witness statements contemporaneous to the event and witness statements taken at some point thereafter, as well as between witness statements and other parts of an investigative file).
Nonetheless, in the present case, the documents sought are not witness statements per se but rather, investigatory memorandum containing a compilation of information concerning Harris’ death, presumably from numerous sources, as well as the impressions and conclusions of Risk Management Foundation investigators. These documents were created weeks and in some cases, months, after the incident. Further, it appears that the plaintiff has not yet even attempted to discover the information sought by interviewing, deposing or serving interrogatories on either the individuals with knowledge of the circumstances of Mrs. Harris’ treatment or those involved in investigating Mrs. Harris’ death and preparing the reports and other documents at issue. See Miles v. Bell Helicopter Co., 385 F.Supp. 1029, 1032 (N.D. Ga. 1974) (concluding that plaintiff was not entitled to discoveiy of manufacturer’s investigatory report concerning helicopter crash under Rule 26(b)(3) where plaintiff failed to specifically demonstrate that she could not obtain substantially the same information by deposing the employees who prepared the reports); Hamilton v. Canal Barge Co., Inc., 395 F.Supp. 975, 978 (E.D. La. 1974) (suggesting that plaintiff would not be entitled under Rule 26(b)(3) to discovery of a witness statement made several weeks after an accident unless he first showed that the witness was unavailable for deposition); Fidelity & Deposit Company of Maryland v. S. Stefan Strauss, Inc., 52 F.R.D. 536, 537 (E.D. Pa. 1971) (concluding that insurance company seeking discovery of accident report prepared by an employee of the defendant plumbing company failed to establish substantial need and undue hardship under Rule 26(b)(3) where it had made no attempt to interview or depose the employee). Accordingly, this Court finds that Harris has failed to meet his burden under Rule 26(b)(3) of demonstrating that he has both a substantial need for the documents in the privilege log and an inability without undue hardship to obtain the substantial equivalent of the documents by other means.
ORDER
For the foregoing reasons, it is hereby ORDERED that the plaintiffs motion to compel production of Document Numbers 23, 24, 25, 26 and 28 in the defendant’s privilege log be DENIED.