McCann, J.
INTRODUCTION
The plaintiff, Steven C. Raffa, next friend of Gianna L. Raffa (Gianna), is represented by R. Michael Brown, Esq., 1000 Worcester Road, Suite 201, Framingham, Massachusetts 01702. The defendant, Gymnastics Learning Center, Inc. is represented by Susan Johnson Bowen, Esq., Warren, Hensley and Bowen, LLP, 31 Milk Street, Suite 801, Boston, Massachusetts 02109.
In this matter a six-year-old girl, Gianna, was injured at her gymnastics class. Gianna is now ten years old. Her father brought this action as next friend. Raffa seeks the production of a report from the defendant’s insurance company’s investigator, which contains the gymnastics instructor’s statement and some photographs taken by the investigator.
BACKGROUND
Gianna was injured while participating in a gymnastics class at Gymnastics Learning Center, Inc. (Gymnastics). She was injured while engaging in a strengthening exercise involving an exercise device. The device was a large elastic band or bungee cord, with a wooden dowel attached to one end. The elastic was attached to the parallel bars, and Gianna was supposed to pull down on the dowel. During the exercise, Gianna’s hand slipped and she was hit on the head with the device. She suffered severe injuries as a result of the accident.
After the accident, Gymnastics called its insurer and told it what had happened. Gymnastics had a meeting within a week of the accident, and decided to *303 get rid of the exercise device. The insurance company sent an investigator to the Gymnastics Learning Center, but not until the plaintiff s attorney sent Gymnastics a letter, alerting it of the potential for litigation.
The investigator took a seven-page statement from Jennifer Casey, the gymnastics instructor on duty when Gianna was injured. He also took one or more photographs of Casey performing the exercise that injured Gianna. Casey was using the elastic portion of the device, but the dowel was no longer attached. Gymnastics claimed in its brief that this was a completely different device, but Jennifer Casey stated in her deposition that it was same elastic, only disassembled and missing the dowel.
DISCUSSION
The plaintiff seeks to compel production of Casey’s statement and the photographs of Casey performing the exercise.
I. The Work Product Doctrine
The Work Product doctrine is codified as Massachusetts Rule of Civil Procedure 26(b)(3), which provides in relevant part:
a party may obtain discovery of documents and tangible things otherwise discoverable under subsection (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or for that other party’s representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. (Emphasis added.)
Mass.R.Civ.P. 26(b)(3). The Massachusetts Rules of Civil Procedure, adopted in substantially the same form as the Federal Rules of Civil Procedure, are to be construed in a manner consistent with the construction given to the federal rules by the federal courts, absent compelling reasons to the contrary or significant differences in contrast. See Rollins Envtl. Services, Inc. v. Superior Court, 368 Mass. 174, 179-80 (1975).
The burden is upon the party resisting discovery to demonstrate that the materials sought are indeed work product within the scope of Rule 26(b)(3). See Colonial Gas Co. v. Aetna Cas. & Sur. Co., 144 F.R.D. 600, 605 (D.Mass 1992); see also Harris v. Steinberg, 6 Mass. L. Rptr. 417, 1997 WL 89164 (Mass.Super.1997) (citing Fairbanks v. American Can Co., Inc., 110 F.R.D. 685, 687 (D.Mass 1986)); Sham v. Hyannis Hotel, Inc., 118 F.R.D. 24, 25 (D.Mass. 1987); Colonial Gas Co. v. Aetna Cas. & Sur. Co., 144 F.R.D. 600). The work product doctrine protects not only documents prepared for litigation, but also those documents created with a definite view toward litigation. See Ward v. Peabody, 380 Mass. 805, 817 (1980). “The mere possibility that a certain event could lead to future litigation does not render all documents subsequently prepared with regard to that event privileged . . . The essential question is what was the primary motivating purpose behind the creation of a particular document.” Harris v. Steinberg, supra. The fact that documents made in the ordinary course of business, for the purpose of gathering and beneficial use of the information, might ultimately be useful to a party in a case of future litigation does not give those documents protection under Rule 26(b)(3). See Shotwell v. Winthrop Community Hosp., 26 Mass.App.Ct. 1014, 1016 (1988); Harris v. Steinberg, supra. “The pertinent test is whether in light of the nature of the document and factual situation in the particular case the document can fairly be said to have been prepared or obtained because of the prospect of litigation.” Colonial Gas Co. v. Aetna Cas. & Sur. Co., 144 F.R.D. at 605; Harris v. Steinberg, supra.
If the documents are created in anticipation of litigation, to compel production the plaintiff must show two things. The plaintiff must show (1) a substantial need for the material and (2) obtaining the substantial equivalent of the material would entail an undue hardship. See Hull Mun. Lighting Plant v. Massachusetts Mun. Wholesale Electric Co., 414 Mass. 609, 615-16 (1993); Colonial Gas Co. v. Aetna Cas. & Sur. Co., 144 F.R.D. at 605; 7 Smith and Zobel, Rules Practice §26.5 (1975 & Supp. 2001). Both prongs of the test must be met before the material is discoverable. Id.
Substantial need requires showing that an item plays an exceptionally important part in the preparation of the discoverer’s case for trial. It is not enough to prove that the item sought may well lead to more evidence, the item itself must play an exceptionally important part in the preparation of the case. 7 Smith and Zobel, Rules Practice §26.5.
Undue hardship means something more than great inconvenience and substantial equivalent does not mean exact duplicate. 7 Smith and Zobel, Rules Practice §26.5. “To meet the standard, one must convince the court that the materials sought encompass, in wholly unique, unduplicatable manner, the information sought." Id. Further, if the same or similar data were available elsewhere, the discoverer must show that obtaining it would involve a grossly disproportionate expenditure of time, money or both. Id.
II. Jennifer Casey’s Statement
This Court finds that the statement in this case appears to have been made in anticipation of litigation. The insurance company was notified of the accident within a week of the incident. The investigator did not come to the scene, however, until after the plaintiffs attorney contacted the defendant, and it became clear that the plaintiff would likely file suit. The investigator initiated his investigation, which resulted in obtaining Casey’s statement, after the defendant became aware *304 of the potential for litigation. It appears from the evidence presented, the insurance company sent the investigator to the Gymnastics Learning Center because it anticipated an imminent suit from the plaintiff. Therefore, unless the statement can overcome the substantial need and undue hardship test, the statement should not be discoverable.
The plaintiff contends that he needs the seven-page statement because it was taken a short time after the accident, and no other source can substantially duplicate it. The plaintiff wants to use the statement to check for inconsistency in Casey’s deposition. The plaintiff believés Casey may have been motivated to lie by the presence of her employer.
While it would seem to be helpful to the plaintiff s case to have the statement, the need does not appear to be substantial. The plaintiff states that he wants to use the evidence to check for inconsistencies, and to ensure that Casey’s boss did not influence her testimony. However, the possibility that the statement may reveal discrepancies in the deposition is not enough to satisfy the “substantial need” prong of the test.
Even if there is a substantial need for the statement, a substantial equivalent is available. Casey has given a sworn deposition regarding the accident. See Bondy v. Brophy, 124 F.R.D. 517, 517-18 (D.Mass. 1989). While an argument could be made that the deposition was not made at the time of the incident, and therefore it is not as reliable as the statement, the statement itself was not made contemporaneously with the accident. The investigation did not occur until after the plaintiffs attorney sent Gymnastics a letter alerting it of the possibility of litigation.
The plaintiff also states that since Casey used the statement to refresh her memory prior to her deposition, the statement itself should be discoverable. There has been no proof offered by the plaintiff that Casey used the statement during her deposition, only an allegation that she used it in preparation of her testimony. In Commonwealth v. O’Brien, 419 Mass. 470 (1995), the Court held that the work product doctrine did not survive in situations where, during trial, a witness is refreshed by a document protected by the work product doctrine. Liacos states that the court has the discretion to order production in these situations under the Proposed Massachusetts Rules of Evidence. Under the PMRE 612(b), if a witness reviews a writing to refresh his recollection prior to testifying, the court may, in the interest of justice, order the writing to be produced. See Paul J. Liacos, Massachusetts Evidence §6.20 (7th ed. 1999). Under the facts of this case, this Court in the exercise of its discretion, does not feel that it is at all convinced that the statement should be discoverable and declines to order it produced.
III. The Photographs
The photographs taken of the exercise device also appear to fall under the category of work product, because the photographs were made in anticipation of litigation. The argument under the two-part test, however, is more compelling.
The plaintiff states that the photographs the insurance investigator took are the only known photographs of the device. The device itself is no longer available because the defendant dismantled and apparently disposed of it. The plaintiff, therefore, has a strong claim that it has a substantial need for the photographs. Further, there is certainly an undue hardship in obtaining another photograph of the device, as no one knows where it is. Moreover, other than oral testimony as to the description of the device and its function, there is no substantial equivalent to the photographs.
The defendant claims that since the photographs are not of the actual device, they should not be discoverable. The defendant also claims that this evidence is not calculated to lead to the discovery of admissible evidence. However, in Casey’s deposition, she states that the elastic she was using to demonstrate the exercise was the actual elastic from the device. The fact that the photograph is of only part of the device should not matter in this context. This Court determines that the photographs of the device are discoverable and should be produced.
ORDER
The motion is DENIED in so much as it applies to the statement of Jennifer Casey. The motion is ALLOWED in regard to the photographs and the defendant is ORDERED to produce the photographs in question.